JOHN COWLING v. ZENITH IRON COMPANY and Others.[1]

June 24, 1896.

Nos. 9910—(225).

65 263
65 282
65 263
d79 415
L79 416
65 263
s33LRA 508
52LRA734n

**Corporation — Stockholders' Constitutional Liability — Mechanical Business.**

Section 3, art. 10, of the constitution, provides: "Each stockholder in any corporation, excepting those organized for the purpose of carrying on any kind of manufacturing or mechanical business, shall be liable to the amount of stock held or owned by him." *Held*, a "mechanical business," within the meaning of said exception, is one closely allied to, or incidental to, some kind of manufacturing business.

**Same—Mining Iron Ore.**

*Held*, further, the mining of iron ore is such a mechanical business, and the stockholders of a corporation organized for that purpose are exempt from the stockholders' "double liability."

**Same—G. S. 1894, § 2834—Holding Stock in Other Corporations.**

G. S. 1894, § 2834, being one of the sections of the act under which such a corporation was organized, does not prevent it from being a corporation whose stockholders are exempt under the constitution, if the corporation never took the benefit of that section.

---

[1] Reported in 68 N. W. 48.

Action in the district court for St. Louis county. The complaint alleged, among other things, that defendant was, and since March, 1892, had been, a corporation organized and existing under and by virtue of the provisions of Laws 1876, c. 28, and the acts amendatory thereof and supplemental thereto (G. S. 1894, §§ 2827–2837). From an order, Ensign and Moer, JJ., overruling a demurrer to the complaint, defendant Carpenter appealed. Reversed.

*Towne & Davis* and *Billson, Congdon & Dickinson,* for appellant.

In construing Const. art. 10, § 3, we must recur to the condition of the constitution before it was amended, and consider the occasion, necessity, and object of the amendment. Minnesota & P. R. Co. v. Sibley, 2 Minn. 1 (13). See Cooley, Const. Lim. 65. The object was to encourage manufacturing. State v. Minnesota T. Mnfg. Co., 40 Minn. 213, 222, 41 N. W. 1020. Remedial laws are to be liberally construed. Martin v. Wakefield, 42 Minn. 176, 43 N. W. 966; White v. The Mary Ann, 6 Cal. 462; Sutherland, St. Const. § 207; Smith, St. & Const. Constr. § 491; Cooley, Const. Lim. 79. To give effect to the legislative intention, the ordinary meaning of the words "manufacturing corporations" may be enlarged or restricted. People v. Horn Silver Min. Co., 105 N. Y. 76, 11 N. E. 155; Commonwealth v. Northern E. L. & P. Co., 145 Pa. St. 105; 38 Amer. & Eng. Corp. Cases, 651, 657, 22 Atl. 839; Attorney General v. Lorman, 59 Mich. 157, 26 N. W. 311; People v. Wemple, 129 N. Y. 543, 29 N. E. 808. The provision of the constitution imposing upon stockholders a liability for the debts of the corporation is in derogation of common right, and to be extended no further than strict construction carries it; and the exception must be liberally construed. If the language leaves a reasonable doubt whether such a liability was intended to be imposed, the doubt must be resolved against the liability. Sutherland, St. Const. §§ 366, 371, 400; Gray v. Coffin, 9 Cush. 192, 199; Dane v. Dane Mnfg. Co., 14 Gray, 488; Chase v. Lord, 77 N. Y. 1; Danvers v. Boston, 10 Pick. 513; Moyer v. Pennsylvania Slate Co., 71 Pa. St. 293; Detroit v. Chaffee, 70 Mich. 80, 37 N. W. 882; Detroit v. Putnam, 45 Mich. 263, 7 N. W. 815; Wakefield v. Fargo, 90 N. Y. 213; Coffin v. Rich, 45 Me. 507; Cook, Stock & Stockh. § 214. See Sutherland, St. Const. § 348. With reference to the words "manufacturing or mechanical business," the rule is to be observed which

requires laws to be so construed, if possible, that effect shall be given to the whole of the language employed. State v. City of St. Paul, 36 Minn. 529, 32 N. W. 781; Brown v. Balfour, 46 Minn. 68, 48 N. W. 604; Roberts v. Chicago, St. P., M. & O. Ry. Co., 48 Minn. 521, 530, 51 N. W. 478; Harrington v. Smith, 28 Wis. 43, 67. This rule is applicable with special force to written constitutions. Cooley, Const. Lim. 58. It forbids construing "mechanical" as having the same meaning as "manufacturing." The language of the constitution is necessarily couched in broader and more general phrases than legislative acts. Houseman v. Commonwealth, 100 Pa. St. 222, 232; Endlich, Interp. St. 506. Words not having a fixed legal meaning should be construed in their broadest sense. County of Hennepin v. Grace, 27 Minn. 503, 8 N. W. 761; County of Hennepin v. Bell, 43 Minn. 344, 45 N. W. 615; County of Ramsey v. Church of Good Shepherd, 45 Minn. 229, 47 N. W. 783. If necessary, the meaning should be construed so broadly as to apply to conditions or means not then contemplated. Henshaw v. Foster, 9 Pick. 312, 317; Sutherland, Const. § 430. See Finnegan v. Noerenberg, 52 Minn. 239, 245, 53 N. W. 1150; Thompson, Corp. § 148.

The construction given by the legislature in Laws 1876, c. 28, is in accordance with the construction contended for. This enactment involved a construction of the constitution as having such meaning and effect as to justify the legislature incorporating in the law, then enacted for the organization of mining companies, the provision and inducement that such corporations should be exempt from stockholders' liability. To thus construe the constitution was a proper exercise of legislative power. Cooley, Const. Lim. 182, et seq. Such determination, when carried into effect by legislative enactment founded thereon, is to be respected by the judiciary. City of Faribault v. Misener, 20 Minn. 347 (396); Ames v. Lake Superior & M. R. R. Co., 21 Minn. 241, 288, 289; Cooley, Const. Lim. 67–70, 183; Sedgwick, Constr. Stat. (Pomeroy's Ed.) 412; Endlich, Interp. St. 527; Sutherland, St. Const. § 229; Edwards v. Darby, 12 Wheat. 206–210; United States v. Union Pacific Ry. Co., 148 U. S. 562, 13 Sup. Ct. 724; Union Ins. Co. v. Hoge, 21 How. 35, 66; Harrington v. Smith, 28 Wis. 43; State v. Timme, 54 Wis. 318, 340, 11 N. W. 785. And see Carson v. Smith, 5 Minn. 58 (78); State v. Cronkhite, 28 Minn. 197, 201, 9 N. W. 681; State v. Lee, 29 Minn. 458, 13 N. W. 913;

Lovell v. Seeback, 45 Minn. 465, 48 N. W. 23; Bruce v. Schuyler, 4 Gilm. (Ill.) 221.

*Pealer*, *Titus & Lemmon*, for respondent.

To come within the exception, a corporation must be organized for carrying on an exclusively manufacturing or mechanical business or a business strictly incidental to or properly connected therewith. See State v. Minnesota T. Mnfg. Co., 40 Minn. 213, 223, 41 N. W. 1020; Mohr v. Minnesota E. Co., 40 Minn. 343, 346, 41 N. W. 1074; Arthur v. Willius, 44 Minn. 414, 416, 46 N. W. 851; Densmore v. Shepard, 46 Minn. 54, 60, 48 N. W. 528, 681; First Nat. Bank v. Winona Plow Co., 58 Minn. 167, 173, 59 N. W. 997; Oswald v. St. Paul Globe Pub. Co., 60 Minn. 82, 61 N. W. 903. To ascertain the "purpose" for which the corporation is "organized," we must look (1) to its articles of incorporation; (2) to the business it actually engaged in; (3) to the statutes under which its articles were made. Defendant was organized in 1892 under Laws 1876, c. 28, and the acts amendatory or supplemental thereto. By Laws 1876, c. 28, § 8, as amended by Laws 1881, c. 27, § 4, any corporation organized under this act may take, acquire, and hold stock in any other corporation, if the majority in amount of stockholders so elect. This section is as much a part of the powers of the company as if the same had been incorporated in its articles. See Cook, Stock & Stockh. § 3, note 1; 4 Am. & Eng. Enc. Law, 207; 1 Beach, Priv. Corp. § 26; 1 Morawetz, Priv. Corp. § 316. A mining corporation is not a manufacturing corporation. See Dudley v. Jamaica P. A. Co., 100 Mass. 183; Appeal of Commonwealth, 25 Am. & Eng. Corp. Cas. 324. See 14 Am. & Eng. Enc. Law, 256, 257, and note, 264, 269, and note 1; State v. Minnesota Thr. Mnfg. Co., 40 Minn. 213, 41 N. W. 1020. Both "manufacturing" and "mechanical" are used in reference to the business of making, creating, or constructing something. Finnegan v. Noerenberg, 52 Minn. 239, 53 N. W. 1150. The encouragement of manufacturing was the purpose of this amendment. State v. Minnesota T. Mnfg. Co., supra. The general policy of the state, as expressed in the constitution, being that stockholders of corporations should be individually liable to the amount of their stock, the exception should be strictly construed. Arthur v. Willius, 44 Minn. 414, 46 N. W. 851. Sutherland, St.

Const. § 328. "Manufacturing," "mechanical," and "mining" have a distinct sense. See Laws 1870, c. 26. Words may be expanded or limited in accordance with the intent, even should it be contrary to the letter of the statute or the constitution. Sutherland, St. Const. §§ 218, 237, 241, 246, 272, 273; 3 Am. & Eng. Enc. Law, 678; Barker v. Kelderhouse, 8 Minn. 178 (207); Grimes v. Bryne, 2 Minn. 72 (89). This court has invariably referred to this amendment as exempting "manufacturing" corporations alone. State v. Minnesota T. Mnfg. Co., supra; Mohr v. Minnesota El. Co., 40 Minn. 343, 41 N. W. 1074; Arthur v. Willius, supra; Willis v. Mabon, 48 Minn. 140, 50 N. W. 1110; Oswald v. St. Paul Globe Pub. Co., supra. Laws 1876, c. 28, is an attempted construction of the constitution by the legislature, which is for the judiciary. Rice v. Austin, 19 Minn. 74 (103). In the Matter of the Application of the Senate, 10 Minn. 56 (78); Cooley, Const. Lim. 57–59; Sutherland, St. Const. § 41; 3 Am. & Eng. Enc. Law, 673, 681; Bingham v. Supervisors of Winona Co., 8 Minn. 390 (441); Greenough v. Greenough, 11 Pa. St. 489; De Chastellux v. Fairchild, 15 Pa. St. 18; Cooley, Const. Lim. 109; Sutherland, St. Const. § 402.

*Draper, Davis & Hollister,* for Marshall-Wells Hardware Company, intervenor.

That portion of Laws 1876, c. 28, § 3, declaring that corporations organized thereunder should be deemed to be manufacturing and mechanical corporations, is unconstitutional. It has no binding force upon the courts, nor should it influence their decision. Cooley, Const. Lim. 78, 87, 94; Ervine's Appeal, 16 Pa. St. 266; People v. Judge Twelfth District, 17 Cal. 548, 559; Meyer v. Berlandi, 39 Minn. 438, 40 N. W. 513; Norton v. Shelby County, 118 U. S. 425, 6 Sup. Ct. 1121; Poindexter v. Greenhow, 114 U. S. 270, 5 Sup. Ct. 903, 962. As a question of judicial construction, independently of the provisions of Laws 1876, c. 28, defendant company is not a corporation organized for the purpose of carrying on a manufacturing or mechanical business within the meaning of the exception. State v. Minnesota T. Mnfg. Co., 40 Minn. 213, 41 N. W. 1020; Mohr v. Minnesota E. Co., 40 Minn. 343, 41 N. W. 1074; Arthur v. Willius, 44 Minn. 409, 46 N. W. 851; Densmore v. Shepard, 46 Minn. 54, 48 N. W. 528, 681; First Nat. Bank v. Winona Plow Co., 58

Minn. 167, 59 N. W. 997. The power conferred upon defendant company to hold stock in any other corporation precludes it from being classed as a manufacturing or mechanical corporation. The charter of a company formed under a general law consists, not only of its articles of association, but also of the general statutes of the state under which the organization takes place. People v. Chicago Gas Trust Co., 130 Ill. 268, 22 N. E. 798; Elleman v. Chicago J. R. & U. S. Co., 49 N. J. Eq. 217, 23 Atl. 287; Lincoln Shoe Mnfg. Co. v. Sheldon, 44 Neb. 279, 62 N. W. 480; Morawetz, Priv. Corp. § 319; Grangers L. & H. Ins. Co. v. Kamper, 73 Ala. 325.

CANTY, J. This is an action under G. S. 1894, c. 76, and a defendant stockholder appeals from an order overruling his demurrer to the complaint, on the ground that it does not state facts sufficient to constitute a cause of action. The question involved is the important one of whether the stockholders of a corporation organized to mine iron ore are exempt from the stockholders' "double liability."

In article 10 of the constitution it is provided (section 3):

"Each stockholder in any corporation, excepting those organized for the purpose of carrying on any kind of manufacturing or mechanical business, shall be liable to the amount of stock held or owned by him."

The general nature of the business of the defendant corporation, as expressed in its articles of incorporation, is "the mining, smelting, reducing, refining, and working of iron ores and other minerals, and the manufacture of iron, steel, copper, and other metals." The only business actually carried on was that of mining.

We cannot hold that mining is a "manufacturing" business, in any proper sense of the word. See Byers v. Franklin Coal Co., 106 Mass. 131. If this corporation comes within the exception, it must be because the business of mining iron ore is a "mechanical business," within the meaning of the constitution. But, if the stockholders of a mining corporation are exempt, why are not the stockholders of a corporation organized to grade and construct railroads, or a corporation to build houses, or one to grade streets, or one to build sewers or ditches, or one to fence, clear, and break farms? Thus, the list of the corporations carrying on different kinds of business more or less of a mechanical nature could be expanded

until the exception contained in the constitution would be the rule, and the rule the exception,—until the corporations whose stockholders were exempt would be far more numerous than those whose stockholders were not exempt. Clearly, this was not the intention of the makers of the constitution.

On the other hand, we cannot wipe the word "mechanical" out of the constitution; we must give it some effect. What, then, is the proper interpretation of this constitutional provision?

We must determine that by considering what object the makers of the constitution had in view when this exception was inserted by the amendment of 1872. The exemption provided for by this amendment was intended to foster manufacturing within this state, and, to that end, to promote the establishment of manufacturing corporations. This is a matter of common knowledge. We are of the opinion that it was the intention of the makers of the constitution to exempt from liability the stockholders of corporations organized to carry on any such kind of mechanical business as is incidental to or closely allied with some kind of manufacturing business. Thus, a concern engaged in the business of manufacturing iron might well, as a mere extension of that business or as incidental to it, mine its own ore, especially so if the manufacturing plant and the mines were in the same locality. In any event, the mining of iron ore and the manufacturing of iron are allied industries; the prosecution of the former tends to promote the latter. It is true that, up to the present time, the iron ore mined in this state has all been carried out of it, to promote manufacturing elsewhere, and the vast development of our iron mines has not appreciably increased the manufacture of iron within this state. But that does not change the principle. And, besides, the conditions may in time change so that a large portion of the iron mined in the state will also be smelted and manufactured here. Then, we are of the opinion that corporations organized to mine iron ore come within the exception in the constitutional provision, and the stockholders of such corporations, holding none but fully paid-up stock, are exempt from further liability.

G. S. 1894, § 2834 (being one of the sections of the act under which the defendant corporation was organized), provides:

"Any corporation organized under this act may take, acquire and hold stock in any other corporation, if a majority in amount of the stockholders shall so elect."

This section seems to authorize the corporation, by such election, and without regard to what its articles of incorporation may provide, to engage in the business of owning and holding the stock of other corporations, of any and all kinds. Respondent contends that, therefore, a corporation organized under this act is not a corporation organized for the purpose of carrying on an exclusively manufacturing or mechanical business, and its stockholders are not exempt. This is certainly a peculiar statutory provision. But as section 2829 (one of the sections of the same act) attempts to exempt from liability the stockholders of all corporations organized under the act, and as this section could not be given effect if it was held that every corporation organized under the act was necessarily "organized" to hold stock in all other kinds of corporations, we must hold that it is not so "organized" until "a majority in amount of the stockholders shall elect" to take and hold such other stock. In other words, we are of the opinion that, under the different provisions of the act, it is proper to regard the election of such stockholders to take and hold such other stock, under section 2834, as an amendment to the articles of the corporation. It does not appear that the stockholders of the defendant corporation ever made any such election. Therefore it is not organized for any such purpose.

This disposes of the case, and the order appealed from is reversed.