CHARLES D. GOULD v. HELEN J. FULLER and Others.

May 9, 1900.

Nos. 12,094—(60).

### Corporation—Powers and Purposes.

The powers of a corporation, and the purposes for which it is organized, must be determined by the articles of incorporation; and it can exercise no powers other than those therein specified, and such as may be incidental thereto.

### Mechanical Corporation—Laundry Business.

A "general laundry business" is not a mechanical business, within the meaning of section 3, article 10, of the state constitution, and a corporation organized for that purpose does not come within the constitutional exemption there enacted.

In the matter of the assignment of Fuller's Laundry Company, a corporation, insolvent, pending in the district court for Hennepin county, plaintiff, as assignee of the insolvent, petitioned pursuant to Laws 1899, c. 272, that the court direct and levy an assessment on the stockholders. In answer to an order to show cause Helen J. Fuller and another appeared, and the application was heard before Simpson, J., who made an order granting the application, from which said Helen J. Fuller appealed. Affirmed.

*George R. Robinson*, for appellant.

*James D. Shearer*, for respondent.

BROWN, J.

Fuller's Laundry Company was organized as a corporation under the laws of this state on January 31, 1890. It became insolvent and unable to pay its debts, and on March 8, 1899, duly made an assignment for the benefit of its creditors to the respondent, who duly qualified and is now acting as assignee. The assets of the corporation being insufficient to pay its debts and expenses incurred in the administration of the trust, the assignee duly made application, under Laws 1899, c. 272, for an order and judgment assessing the stockholders of the corporation for the purpose of raising funds with which to pay such debts and expenses. The

court below made an order granting the application, and the stock-holders appeal.

The only question presented is whether the insolvent corporation is one organized for mechanical purposes, within the meaning of section 3 of article 10 of the state constitution, and exempt from the liability thereby created. We answer the question in the negative. This section of the constitution is as follows:

"Each stockholder in any corporation [excepting those organized for the purpose of carrying on any kind of manufacturing or mechanical business] shall be liable to the amount of stock held or owned by him."

The question for what purpose this corporation was organized must be determined by the articles of incorporation, article 1 of which reads as follows:

"The name of this corporation shall be Fuller's Laundry Company. The general nature of its business shall be to operate a laundry or laundries, and to conduct a general laundry business."

At the hearing before the district court the stockholders offered in evidence certain affidavits tending to show that the corporation was associated with another corporation, expressly organized as a manufacturing corporation, and that part of its business was to complete articles of manufacture delivered to it by such other corporation. But such evidence was incompetent for any such purpose. The powers of a corporation, and the purposes for which it is organized, must be determined by the articles of incorporation; and it can exercise no other powers than those therein set out, and such as may be incidental thereto. 7 Am. & Eng. Enc. (2d Ed.) 695, and cases cited.

We do not deem it necessary to go into any discussion of the question as to the proper interpretation of this provision of the constitution, for we have no hesitation in holding that a corporation organized for the purpose of carrying on a "general laundry business" is neither a manufacturing nor a mechanical corporation, within the most liberal construction; nor is it "closely allied to, or incidental to, some kind of manufacturing business," within the meaning of Cowling v. Zenith I. Co., 65 Minn. 263, 68 N. W. 48. It

follows that the court below correctly disposed of the case. We may add, in passing, that we are not disposed to extend the rule laid down in the Cowling case.

Order affirmed.