CITIZENS STATE BANK OF KENYON v. STORY SPECIALTY MANUFACTURING COMPANY and Others.[1]

November 22, 1901.

Nos. 12,754—(88).

Corporation—Findings.

Findings of the trial court to the effect that the corporation involved in the action was formed and organized under and pursuant to the provisions of G. S. 1894, c. 34, tit. 2, §§ 2805–2826, inclusive, are sustained by the evidence.

Laws 1873, c. 11—General Statutes.

The several sections of Laws 1873, c. 11, as arranged in the General Statutes of 1878 and 1894 are *held* to form a part of chapter 34, title 2, of those compilations.

Unauthorized Debts—Liability of Directors.

Directors of a corporation formed and organized under the provisions of G. S. 1894, §§ 2805–2826 inclusive, who authorize and assent to the engagement by the corporation in an ultra vires business, the continuance in which results in its insolvency, are liable, under G. S. 1894, § 2825, jointly and severally, for all debts of the corporation thereafter contracted by it; and it is no defense in an action to enforce such liability that any one or more of such directors assenting to the unauthorized business subsequently severed their official relation with the corporation, and that a portion of the debt sought to be enforced was contracted and incurred subsequent to that time. The fact that they originally assented and agreed to the unauthorized business renders them liable for all debts thereafter contracted by the corporation.

Ultra Vires—Withdrawal of Assent.

Whether the fact that the directors subsequently withdrew their assent to the continuance of the unauthorized business and took appropriate steps to prevent it would constitute a defense, quaere. Such facts do not appear in this case.

[1] Reported in 87 N. W. 1016.

Action in the district court for Goodhue county by a judgment creditor of defendant Story Specialty Manufacturing Company to enforce a liability created by G. S. 1894, §§ 2824, 2825, of defendants, A. P. Story and others, as directors of said corporation. The case was tried before Williston, J., who made findings of fact and as conclusion of law found that defendants were jointly and severally liable to plaintiff for the amount of its claim against the corporation. From an order denying a motion for a new trial, defendants A. P. Story, Emil Rehnke and A. F. Story appealed. Affirmed.

O. M. Hall and Chas. C. Willson, for appellants.

Childs, Edgerton & Wickwire, for respondent.

BROWN, J.

This was an action to enforce the liability created by G. S. 1894, §§ 2824, 2825. Plaintiff had judgment in the court below, and defendants appealed from an order denying a new trial.

The material facts are as follows: In 1894 defendants A. P. and A. F. Story obtained letters patent for certain inventions, and for the purpose of manufacturing the same for sale on the market they, with defendant Rehnke, formed, under the provisions of G. S. 1894, c. 34, tit. 2, a corporation named and styled the "Story Specialty Manufacturing Company." The corporation was formed exclusively for the purpose of manufacturing the articles covered by the letters patent, and the court found that it was so incorporated under and pursuant to the provisions of G. S. 1894, included within sections 2805–2826, inclusive, of chapter 34, tit. 2, as found in that compilation. In November, 1894, defendants Rehnke, A. P. Story, A. F. Story, Kelsey, and Roberts were elected directors of the corporation, and assumed and entered upon the discharge of their duties as such. Stock of the corporation was subsequently issued to the other defendants, and some of them became officers thereof. The Storys continued as directors until November, 1895.

At a meeting of the board of directors in November, 1894, of which board the Storys were then active members, it was determined to open a branch office or place of business in the city of

Chicago, and defendant Hamlin was chosen as general manager, and put in charge of the affairs of the corporation at that place, at which practically all the business of the corporation was thereafter transacted, with the full knowledge and consent of appellants. The corporation never at any time engaged in the manufacture of but one of the articles which it was incorporated to manufacture, and, after opening the Chicago office, in addition to selling that article, engaged and continued in the business of buying and selling numerous other articles of merchandise not manufactured by it; so that from and after that time the actual and principal business of the corporation was buying and selling articles of merchandise not manufactured by it, and the employment of bookkeepers, clerks, and traveling salesmen for the prosecution of that business. The business so engaged in was continued until January, 1896 (when the corporation ceased doing any business), was wholly ultra vires and beyond the authority of the corporation to transact, and resulted in a loss of more than $5,000 to the corporation, and its hopeless insolvency.

In the prosecution of such unauthorized business it became necessary from time to time to borrow money to meet its expenses, and for that purpose promissory notes of the corporation were made and negotiated, and money obtained thereby. Several of such promissory notes were made and negotiated while the appellants A. F. and A. P. Story were officers and directors, and with their full knowledge and consent; but two of them were in fact made and negotiated after their connection with the corporation as officers had ceased. The corporation, as stated, became wholly insolvent, and unable to pay its debts. Certain of the promissory notes so made being due and wholly unpaid, two actions were brought to recover the amount due thereon. The summons in each action was duly and properly served, and proceedings therein resulted in judgments against the corporation for the sum of $4,848.55. Executions were issued, and subsequently returned wholly unsatisfied, whereupon this action was brought to enforce the liability created by the sections of the statute before referred to. The trial court found that the officers

who executed and delivered the promissory notes had full power and authority from the board of directors to do so. A number of assignments of error are made, some twenty-one in all, but they need not be separately considered. There are only two questions in the case requiring special attention, and many of the assignments are covered by one or the other of such propositions.

The first point made by appellants is that, as the articles of association recite and state that the corporation was organized as a manufacturing concern, under the provisions of G. S. 1878, c. 34, tit. 2, appellants are not liable under the provisions of Laws 1873, c. 11; that the sections of that act do not form a part of such title 2, but are independent thereof, and create no liability except with reference to corporations formed under their provisions.

Prior to the passage of Laws 1873, c. 11, there was no liability with respect to manufacturing corporations such as was created by that act, and the liability there created does not now extend to corporations formed exclusively under the prior statutes. The contention of appellants is that this corporation was formed for manufacturing purposes under the general statutes as they exist without reference to the act of 1873, and that the provisions of that act are not applicable. We are unable to concur in this position. The trial court found as a fact that the corporation was formed under and pursuant to the provisions of title 2, supra, as contained in sections 2805–2826, both inclusive, and these sections comprise the whole of the act of 1873, and include the two sections under which the liability of appellants is sought to be enforced.

While the decisions of this court are uniform that the articles of incorporation are the sole criterion and test in determining the nature and character of a corporation, and the objects and purposes for which it was formed, (Gould v. Fuller, 79 Minn. 414, 82 N. W. 673; Senour Mnfg. Co. v. Church Paint & Mnfg. Co., 81 Minn. 294, 84 N. W. 109; Kraniger v. People's Building Society, 60 Minn. 94, 61 N. W. 904), such rule can have no application where there is no controversy as to the purpose for which the corpora-

tion was formed, and the disputed question is whether it was formed under the sections of the statute as found in the act of 1873, with the increased liabilities there provided for, or under the original sections of G. S. 1894, c. 34, tit. 2.

In determining the question whether a corporation was formed so as to be chargeable with the liability created by the act of 1873, other evidence may be resorted to than the articles of association. It is unnecessary to inquire what evidence would be competent for the purpose of showing that fact. It is not involved at this time. The evidence on this branch of the case is not returned to this court, and we are not called upon to determine whether it was sufficient to sustain the trial court in so finding the fact. It is very clear, however, that the act of 1873 now forms a part of chapter 34, tit. 2, as contained in the General Statutes of 1878 and the General Statutes of 1894. The provisions of the act were included within that title by the compilers of both those editions of the statutes, and the bar of the state and the public generally have regarded all the sections of the law as there arranged as part and portion thereof for all purposes.

As said by the court in Hall v. Leland, 64 Minn 71, 66 N. W. 202, in construing the statutes on the subject of taking depositions, with respect to which a similar condition exists:

"But, while the General Statutes of 1878 are a mere compilation, yet by the mass of people, as well as the legislature, they have been generally looked upon and treated as original enactments. Our Session Laws are full of amendatory statutes whose titles refer to them, and never once allude to the original acts."

The same may be said of the statutes under consideration. They have been amended by the legislature, and reference always made in the amendatory acts to the sections as they appear in the General Statutes of 1878 and 1894; and this court has cited and referred to the several sections thereof as though originally a part of title 2.

So we must conclude that for every purpose Laws 1873, c. 11, forms a part of G. S. 1878, c. 34, tit. 2, and of the General Statutes of 1894. Such being the case, the question whether the corporation

was formed under the provisions of the act of 1873, so made a part of title 2, is answered by the findings of the trial court, and the only question remaining for consideration is whether the appellants are liable for the payment of the corporate debts incurred in the manner and under the circumstances we have hereinbefore stated.

G. S. 1894, § 2825, provides:

"If any corporation organized and established under the authority of this act shall violate any of its provisions, and shall thereby become insolvent, the directors ordering or assenting to such violation shall be jointly and severally liable, in an action founded on this statute, for all debts contracted after such violation as aforesaid."

Section 2807 provides, in part, that

"The purpose for which every such corporation shall be established shall be distinctly and definitely specified by the stockholders in their articles of association, and it shall not be lawful for said corporation to direct its operations or appropriate its funds to any other purpose."

There is no question, under the findings of the trial court, but that the corporation engaged in an ultra vires business with the full knowledge and assent of its officers and directors, including appellants, and that such unauthorized and ultra vires business was in direct violation of the statutes, and finally resulted in the wrecking of a corporation and its total insolvency. It is contended by appellants that the evidence is insufficient to sustain the findings of the court in this respect. We have carefully examined it, and conclude that it amply supports the findings.

It is claimed by the appellants Story that because of the fact that a portion of the indebtedness sought to be enforced by this section was incurred and created by the corporation after they ceased to be directors, or in any way connected with it officially, they are not liable for the portion so subsequently created. We do not adopt this view of the law. The statute is very clear and specific that, if any corporation organized for manufacturing purposes shall violate any of the provisions of the statute, and thereby become insolvent, the directors ordering and assenting to such

violation shall be liable for all debts contracted after the violation first occurs. This corporation engaged in an unauthorized business in clear violation of its authority and of the statutes. There is no question but that the appellants were cognizant of it, and assented thereto, and no question but that its continuance resulted, from a financial point of view, disastrously to the concern. The language of the statute is that in such case the directors assenting to such violation shall be liable for all debts thereafter contracted. This must be construed, to effectuate the clear intent of the legislature, to mean that the directors assenting to the unauthorized business shall be liable for all debts thereafter contracted by the corporation, whether during the time the assenting directors are in office or subsequently thereto.

In this case appellants, as directors, were directly instrumental in setting in motion the unlawful channel of business. The corporation continued therein with their knowledge and consent for a year at least, and in fact until it became insolvent, a little over a year after their official relations with it had ceased; and there is no intimation or suggestion in the record that they ever protested against it, or took any steps to prevent its continuance. To release them from liability under such circumstances merely because debts were contracted by the corporation after they severed their official connection therewith would be to destroy the wholesome purpose of the statutes and the intended protection of those dealing with the corporation; and we hold, without further discussion, that the directors who assent to and are instrumental in the inauguration and continuance by the corporation of which they are such officers of an unauthorized and ultra vires business are liable for all debts thereafter contracted by the corporation.

We need not determine the effect of a subsequent withdrawal by the directors of their assent to a continuance of such unauthorized business; nor what act or acts, if any, would relieve them from liability for debts contracted after severance of their official relations with the corporation. Such questions are not involved in the case. The liability thus created and existing may be en-

forced under the provisions of G. S. 1894, c. 76; and, as the liability is fixed and determined by section 2825, supra, the question whether the appellants are also liable by reason of the provisions of chapter 76 need not be considered. This disposes of all the questions presented by appellants which require special mention.

The order appealed from is affirmed.