## WALSH v SISTERS OF CHARITY

Ohio Appeals, 6th Dist, Lucas Co

No 2790. Decided Dec 11, 1933

Yager, Bebout & Stecher, Toledo, for plaintiff in error.

Fraser, Hiett, Wall & Effler, Toledo, for defendant in error.

## OPINION

By RICHARDS, J.

The plaintiff, Nellie T. Walsh, was severely burned as a result of an explosion while she was a patient in the hospital of the defendant in the city of Toledo. On the trial, at the conclusion of all the evidence, a verdict was directed for the defendant and judgment rendered thereon.

The plaintiff charges in her petition that the defendant was negligent in permitting the use of a defective fluoroscope, permitting electric sparks to be emitted therefrom which came in contact with vapors and gases in the room and that it failed to cause the vapors or gases to be removed from the room and thus permitted an explosion resulting in the injury to plaintiff. The plaintiff introduced evidence tending to sustain the allegations of her petition and rested.

The answer of the defendant admitted that it was a corporation organized under the laws of Ohio and was conducting a general hospital in the City of Toledo. It also admitted that the plaintiff was a patient in the hospital for the purpose of

being cared for on account of a fracture of her left leg, and that while the fracture was being reduced by physicians with the aid of a fluoroscope, plaintiff was injured. The other allegations of the petition are denied in the answer. The defendant avers that it is a charitable, non-profit corporation, does not have a capital stock, nor does it declare dividends; that it is supported by voluntary contributions of benevolent persons; that it is engaged in conducting a hospital for the benefit of the public, where the needy are freely administered to and cared for without charge. A reply denies these affirmative averments.

After the plaintiff had rested her case, the defendant introduced in evidence by stipulation its articles of incorporation and amendments thereto, showing that it was duly organized as a public charity under an act of the General Assembly relating to benevolent associations. The defendant then called as a witness Frederick C. Schaal, who testified that he had been serving as a member of the advisory board of the hospital since 1894 and that this board took care of the business and financial details of the hospital. He testified that he was familar with the conduct of the hospital's affairs, that there was no capital stock and that it has been operating as a public charity under the statute and the amendments thereto. His testimony shows that the hospital has wards intended solely for charity and other portions of the hospital are used for charity patients and that it was a nonprofit organization supported by contributions from people who have been patients and by fees that are collected in cases where the people can afford to pay. His testimony further shows that the hospital has been the recipient of various bequests and has received allowances from the Community Chest of the City of Toledo and that patients are not confined to any religious sect and that there is no distinction drawn of color, creed or nationality. He testified further that the hospital made a profit from those patients who paid and that this profit was used solely for purposes of maintenance of the institution and to take care of the charity patients, and the general expenses incident to running the organization. It is contended that some portions of the testimony of Mr. Schaal were incompetent, but certainly all the foregoing testimony of Mr. Schaal was within his personal knowledge and was competent evidence and uncontradicted. No claim is made in this case that the hospital failed to exercise ordinary care in the selecting and retaining of any employe who was careless or incompetent.

Manifestly, if the testimony of Mr. Schaal be believed, the defendant was being maintained and operated as a public, charitable institution, and if that be true it is a complete defense in an action brought by a patient, to the negligence charged in the petition. Taylor v Protestant Hospital Association, 85 Oh St, 90; Sisters of Charity v Duvelius, 123 Oh St, 52, 54. Counsel for the plaintiff, however, contend that the trial judge had no authority to direct a verdict, but that the credibility to be given to the testimony should have been submitted to the jury, and this is in reality the only question in this case.

It is true that the burden rested on the defendant to show the facts constituting it a public, charitable organization. The records clearly show its organization as such, and the testimony, showing that it is so conducted comes from one witness only. This witness has been an official of the defendant, connected with it for many years, and manifestly was familiar with all the facts about which he testified. There is nothing whatever in the record tending to affect his credibility and no fact or circumstance to raise a suspicion that his testimony should not be believed, nor could any conflicting inferences be drawn therefrom. His testimony is consistent and altogether probable, and it is not disputed by any other testimony. Under such circumstances, we think the law is clear that it was the duty of the trial court to direct a verdict for the defendant. Some authorities hold that even under these conditions, the credit to be given to the testimony should be left to the jury, but we think the great weight of authority and the better rule is otherwise. It is said in 20 R.C.L., 1075, that a verdict for the defendant should be directed when an affirmative defense is clearly made out and there is no avoidance thereof. And on page 1073 of the same volume, it is held that a verdict should be directed for the plaintiff where there is no conflicting testimony and the evidence clearly shows the right of the plaintiff to a verdict.

The case of Jerke v Bank, 54 S. D., 446, holds that the direction of a verdict in a civil case in favor of a litigant who has the burden of proof and has clearly sustained it to such a degree that it would be unreasonable to think otherwise, is the affirmative duty of the trial judge even though the sustaining witnesses are interested. This case is also reported in 72 A.

L.R., 7, where the cases are collected on the duty of a court to direct a verdict when based upon testimony of a party or interested witness. In view of the extensive note reviewing the authorities, it seems unnecessary to make further citation.

Under the evidence in this case, it was the duty of the trial judge to direct a verdict for the defendant, and the judgment rendered on that verdict will be affirmed.

Judgment affirmed.

WILLIAMS and LLOYD, JJ, concur.