## WADDELL v
## YOUNG WOMEN'S CHRISTIAN ASSN

Ohio Appeals, 2nd Dist, Montgomery Co

No 1451. Decided Aug 2, 1937

C. R. Curtner, Dayton, and A. K. Meck, Dayton, for plaintiff-appellant.

James & Coolidge, Dayton, and Pickrel, Schaeffer, Harshman & Young, Dayton, for defendant-appellee.

## OPINION

### By THE COURT

Plaintiff's action is based upon her second amended petition, in which it is alleged that on August 17, 1933, the minor was the holder of a junior membership in Young Women's Christian Association, for the purpose of taking swimmimng instructions in the pool of the association; that on the day mentioned she was being given instructions by a servant or employee of defendant, acting within the scope of her employment; that she was under the direct supervision of the association at the time, and while so engaged the defendant's instructor caused plaintiff to jump from a diving board into the ladder of said pool, injuring plaintiff, and that said injuries were caused solely by the negligent act of the defendant in instructing the plaintiff to jump from the springing board into the swimming pool at the deep end of the pool, when the servant of the defendant should have known that the attempt of the plaintiff to jump into the deep water was dangerous to her, and would cause her injury; that the defendant was negligent in instructing plaintiff to jump from end of springing board toward the ladder and side of the pool, when defendant knew of the position of the ladder, and should have known that a jump toward it was dangerous to plaintiff, and that severe injuries would probably result.

That as a direct and proximate result of the negligent act of the defendant's servant, plaintiff struck her leg against the ladder used for climbing out of the pool, and was thereby injured as alleged.

To this second amended petition, the defendant answered that it is a religious, philanthropic and charitable society existing as a corporation not for profit pursuant to the laws of the State of Ohio; admits that the plaintiff was the holder of a junior membership for which she paid 50c, and that on the date alleged she was swimming in the pool maintained by defendant.

Denial is made that the junior membership entitled defendant to swimming privileges; denies that she was being instructed by a servant of defendant, or was under

direct supervision of defendant; and denies that through an instructor or otherwise the defendant caused plaintiff to jump into the ladder; and says that any injuries that plaintiff may have sustained were the result of her own carelessness.

To this a reply was filed denying that the defendant association is a religious, philanthropic, and charitable society, and denies that the plaintiff was swimming in the swimming pool maintained by the defendant; and denies that the injuries received were caused by the plaintiff's negligence.

The cause came on for trial, and upon the completion of the testimony of plaintiff, a motion was made by the defendant for directed verdict, which was overruled.

At the completion of all the testimony, the defendant moved for directed verdict, which motion the court sustained.

Subsequent to the presentation of defendant's motion for directed verdict, an application by plaintiff for a special verdict was granted, whereupon, the plaintiff submitted to the consideration of the jury a special form of verdict narrating the indictments as claimed by the defendant to be sustained by the evidence.

The jury returned this special verdict, and assessed damages in the sum of $5,000.00.

Thereupon the plaintiff having filed a motion for judgment on the special verdict, the court overruled the same, and sustained the motion of defendant for a judgment, notwithstanding the verdict.

The court found the defendant entitled to judgment.

Thereupon plaintiff gives notice of appeal upon questions of law, and the case is now before this court.

The record in this case is very interesting and many questions are raised and skillfully argued by counsel.

If the court was right in sustaining the motion of defendant for directed verdict, some question may arise as to the right of the plaintiff to then insist upon submitting to the jury a special verdict.

However, the court, after this special verdict was returned, in favor of plaintiff, sustained the motion of defendant for judgment notwithstanding this special verdict, so that any harm that may have been done to defendant has been corrected.

We may, however, take the special finding of the jury as a recitation of the high lights in the testimony as claimed by the plaintiff, and, having been prepared by the plaintiff, it may be safely regarded as the most favorable presentation of the evidence that could be claimed by the plaintiff.

The first point to be determined is whether or not the Young Women's Christian Association is a charitable institution. The special verdict does not definitely so find.

The Constitution of the Association provides as follows:

"The purpose of this organiation shall be to associate young women in personal loyalty to Jesus Christ as Saviour and Lord; to promote growth in Christian character and service through physical, social, mental, and spiritual training; and to become a social force for the extension of the Kingdom of God."

This appears as the announcement or the purposes of the Association. The amended Articles of Incorporation set out a purpose clause as follows:

"The purposes for which said corporation is formed, shall be to promote the spiritual, moral, mental, social and physical welfare of the women and girls of the city and to engage in whatever philanthropic work the Association may deem advisable, with power to receive gifts, donations, bequests and devises, and to acquire, hold and sell, when advisable, such real estate as may be necessary for carrying out the purposes of the corporation."

From the evidence in this case it appears quite clear that this organization, as originally instituted, and conducted through the course of years, was a vital force in the social life of the city, and its purposes were charitable, so as to bring it in to the classification of such institutions as have long been granted more favorable consideration of facts on account of which recovery is sought.

It is claimed on the part of the defendant that the person in charge of the swimming pool, on the afternoon when the accident occurred, was not an employee or servant of the organization, but was one acting in a volunteer capacity.

We feel that whatever may have been her contractural relation with the organization, the position which she was permitted to assume, and the direction which she took of the activities of those engaged in the swimming lessons, was such that she properly could be regarded as the agent of the defendant, so far as the negligent

acts of an agent of a benevolent institution may be binding upon the principal.

Plaintiff complains that the answer of the defendant does not affirmatively allege that reasonable care had been used by the defendant in the selection of those having charge of the swimming pool.

It is, on the other hand, asserted by the defendant that the burden was upon the plaintiff to allege and prove that the agent had not been selected with reasonable care, and that having failed to allege this the defendant was not obliged to meet this issue and establish affirmatively its care in the selection of its agent.

The plaintiff's position seems to be supported in the cases of Roberts v Valley Hospital, 127 SE 318 and Lewis v Y.M.C.A., 273 Pac. 580.

We have been directed to no rule in Ohio by which we may determine whether the burden was upon the plaintiff to prove affirmatively that the servant had not been carefully selected, or was on the defendant to show that she had been carefully selected.

We note that in several cases in Ohio, where this matter became a question of importance, the petition alleges that the cause of the injury was the negligence and carelessness of the defendant in selecting an incompetent and unskilled servant.

**Taylor v Flower Deaconess Home and Hospital, 104 Oh St 61.**

**Sisters of Charity v Duvelius, 123 Oh St 52.**

**City Hospital v Lewis, 47 Oh Ap 465 and 468 (16 Abs 684).**

In none of the Ohio cases where the answer is disclosed in the report is there a statement as a matter of defense that the institution had used due care in the selection of its servants. In all Ohio cases where the pleadings are disclosed the plaintiff makes an allegation in the petition that there was a lack of due care in the selection of servants.

Whatever may be the most correct form of pleading this matter, we think it is of slight consequence because there was no proof offered or suggestion made that the institution had been negligent in placing the plaintiff in the charge of Margaret Braun, a young woman who had charge of the swimming class, and who is claimed to have been negligent in instructing the plaintiff to leap from the springing board toward the ladder, which caused her injury.

In the special verdict drafted by the plaintiff and submitted to the jury, there is no intimation of negligence upon the part of the defendant, in selecting an incompetent attendant.

We, therefore, conclude that under the facts disclosed by the evidence there was no proof that the institution was negligent in the selection of the agent who was in charge of the pool.

The case was so well tried and the judge so carefully enunciated the principles governing it, and counsel have been so diligent, we feel that there is nothing that we can add that will be of value, and that we are justified in simply announcing our conclusions as follows:

(1) That the Y.W.C.A., as conducted in the City of Dayton at the time the plaintiff was injured, was a philanthropic and charitable society, existing not for profit but for the cultural and religious development and progress of the young women of the city of Dayton.

It is of no consequence that there was necessarily a limited field of membership.

It has been repeatedly held that where all within a class, even though that class be limited, are entitled to the privileges of the institution, it is not thereby to be shorn of its character as a charitable institution. Neither does the payment of membership fees for special service alter the characteristics of the institution.

(2) We are of opinion that the proof fails to disclose that the institution was negligent in the selection of the agent.

(3) The injured child was not a stranger or invitee, but by virtue of her payment of a junior membership of the institution, and by availing herself of its privileges, she entered into a relation which, under the evidence in this case, exempted the institution from liability whether this was on the theory that she assumed the risks attendant upon the service, or impliedly waived her claim for compensation in the event she was injured.

We cite as of importance in the proper determination of this case:

**Taylor v Hospital, 85 Oh St 90.**

**Taylor v Flower Deaconess Home, etc., 104 Oh St 61.**

**Sisters of Charity v Duvelius, 123 Oh St 52.**

**Walsh v Sisters of Charity, 47 Oh Ap 228 (16 Abs 277).**

**Hospital v Lewis, 47 Oh Ap 465 (16 Abs 684).**

**McGuire v Talbott, 4 Abs 506.**

We are of the opinion that the Court of

Common Pleas did not err in sustaining and overruling motions, as above pointed out.

Judgment accordingly.

BARNES, PJ, HORNBECK and GEIGER, JJ, concur.

## CONCURRING OPINION

By HORNBECK, J.

I believe the question presented may be answered upon very simple analysis.

The plaintiff elected to base her action upon the negligence of an employee of the defendant association. Proof of this averment would entitle plaintiff to recover if the defendant was such an entity as would be answerable for the negligence of its employees. If it was a charitable institution it was not so answerable but only upon averment and proof that it was negligent in the selection of its employee. Defendan' answered that it was a charitable institution, which plaintiff by reply denied.

There was then presented the one issue, viz.: Was defendant a charitable institution? If so, plaintiff could not recover because her case was not grounded upon that hypothesis. If not a charitable institution then the other issues were for the jury.

The question of proof of due care in the selection of the employee of defendant was not before the court as there was no allegation in the petition which made it germane or competent.

When it appeared that the defendant was a charitable institution, and it so appears, the plaintiff's case fails as a matter of law for that reason alone.

## ON APPLICATION FOR REHEARING

Decided Sept 24, 1937

By THE COURT

Application for rehearing has been filed in this case. It would appear to the court that the plaintiff lays too great stress upon what the court said in its opinion as to whether the plaintiff or the defendant should bear the burden of proving that the servant employed by the defendant had or had not been carefully selected. There was no intention upon the part of the court to establish any new rule or lay down any new principle in reference to well-known rules of pleading and evidence.

We do not believe that a rehearing of this case upon this point would be of any practical value.

We are of the opinion that the better rule of pleading where the action is against a defendant, admitted to be a charitable institution, would be for the plaintiff to allege in his petition that the servant of the institution had not been properly selected. The failure of the institution to use proper care in the selection of its servants might be a negligent act, permitting a recovery, but it should, in our judgment, have been set up by the plaintiff if the action is conceded to be against a charitable institution.

But this action is based on simple negligence on the part of the servant of the institution, and there is a denial in the reply that the defendant is a charitable society.

Under such issues the plaintiff would not be called upon to allege that there was negligence in the selection of the servant, and the defendant need not plead that the servant was carefully selected.

Motion for rehearing denied.

BARNES, PJ, HORNBECK and GEIGER, JJ, concur.