JOHN ANDERSON and Another v. ANDERSON IRON COMPANY and Others.[1]

June 24, 1896.

Nos. 10,011—(180).

**Corporation — Stockholders' Constitutional Liability — Mechanical Business.**

The articles of incorporation of the defendant corporation construed, and *held*, it was not organized for the purpose of carrying on an exclusively mechanical business, such that its stockholders were exempt from "double liability," under the rule laid down in Cowling v. Zenith Iron Co., supra, page 263.

**Same—G. S. 1894, § 2829—Dealing in Mineral Lands.**

So far as G. S. 1894, § 2829, attempts to exempt from such liability stockholders of corporations organized for the purpose of "buying," "selling, and dealing in mineral" lands (as provided by section 2827), it is unconstitutional and void.

Appeal by defendant Macfarlane and others from an order of the district court for St. Louis county, Morris, J., overruling a demurrer to the complaint. Affirmed.

[1] Reported in 68 N. W. 49.

*S. T. & Wm. Harrison*, for appellants.
*Henry F. Greene*, for respondents.

CANTY, J.   This case was argued with that of Cowling v. Zenith Iron Co., supra, page 263, and, like that case, this is an action under G. S. 1894, c. 76.   But the articles of incorporation in this case are somewhat different, and provide:

"The general nature of the business to be carried on shall be mining, smelting, reducing, refining, and working iron, copper, and other minerals, working stone quarries, and marketing the material from all the same; also buying, selling, leasing, and dealing in mineral lands for the above purposes."

In this action, also, the defendant stockholders demurred to the complaint, on the ground that it does not state facts sufficient to constitute a cause of action as against them, and appeal from an order overruling the demurrer.

We only need to consider the effect to be given to the clause "buying, selling, leasing, and dealing in mineral lands for the above purposes." Appellants contend that the "buying, selling, leasing, and dealing" here contemplated is for the purpose of carrying on mining operations on the land by the defendant company, and as incidental to such mining operations. We cannot agree with appellants. We can see how a mining company might, as incidental to the mining business, buy mineral lands for the purpose of operating mines upon them, and sell them after the mines were exhausted. But this is not the meaning of the clause in question, and, though somewhat awkwardly worded, its meaning evidently is that the corporation may buy, sell, lease, and deal in mineral lands, which are so bought, sold, leased, and dealt in for the purpose of having some one mine them. In other words, the corporation may, as a part of its general business, speculate in mineral lands. This being so, the case is quite similar in principle to that of First Nat. Bank v. Winona Plow Co., 58 Minn. 167, 59 N. W. 997, and cases cited.

Then the defendant company is not an exclusively mechanical corporation, such that its stockholders would be exempt under the rule laid down in Cowling v. Zenith Iron Co., supra, and the defendant stockholders are subject to the "double liability." It is true that the articles of incorporation here in question are no broader than is au-

thorized by G. S. 1894, § 2827, and that section 2829 declares that a corporation so organized "shall be deemed to exist * * * as a manufacturing and mechanical corporation under the constitution and laws of this state." But the very purpose of the constitutional amendment was to prevent the legislature from exempting the stockholders of such corporations as this from liability; and, so far as section 2829 contravenes the constitution, we must hold it void.

The other questions involved in this case are disposed of in the Cowling Case.

The order overruling the demurrer is sustained.