FRED W. MEEN v. PIONEER PASTEURIZING COMPANY and Others.[1]

November 20, 1903.

Nos. 13,597—(74).

**Articles of Incorporation.**
> The articles of incorporation of the Pioneer Pasteurizing Company authorized it to engage in the business of "buying, manufacturing and dealing in milk, cream, butter, cheese, and other dairy products, and pasteurizing and treating said milk, and packing, storing, handling and selling said products when so pasteurized and treated." *Held* not exclusively a manufacturing or mechanical corporation, within the meaning of article 10, § 3, of the state Constitution, and that the stockholders' liability for its debts exists.

Appeal by defendants, Fred Marty, John R. Berg and S. M. Carlson, from an order of the district court for Chisago county, Crosby, J., overruling a demurrer to the complaint. Affirmed.

*P. H. & A. P. Stolberg,* for appellants.

*P. M. Qvist,* for respondent.

BROWN, J.[2]

Action to enforce the individual liability of stockholders of a corporation. A general demurrer was interposed to the complaint in the court below, which was overruled, and defendants appealed.

The only question involved in the case is whether the Pioneer Pasteurizing Company was organized as a manufacturing or mechanical corporation, within the meaning of article 10, § 3, of the state Constitution. If it was, the stockholders are not liable for the debts of the

---

[1] Reported in 97 N. W. 140.

[2] START, C. J., absent, sick, took no part.

corporation, and the demurrer to the complaint should have been sustained.

The complaint in defining the powers and authority of the corporation, alleges that the general nature of the business of said corporation

> 'Is and has always been buying, manufacturing and dealing in milk, cream, butter, cheese, and other dairy products, and pasteurizing and treating said milk, and packing, storing, handling and selling said products, when so pasteurized and treated, and acquiring, holding, using and leasing all machinery, patents and apparatus pertaining to and used in said˙business, and for the whole or any part of said purposes as stated in its articles of incorporation."

It is urged by defendants that the only authority conferred by the articles of association is that of manufacturing butter, cheese, and other dairy products, the pasteurizing of milk and cream, and handling, packing, storing, and selling such products when so manufactured and pasteurized. But a fair construction of the language quoted clearly authorizes the corporation to engage in the business of "buying, manufacturing and dealing" in butter, cheese, and other dairy products, and the, pasteurizing and treating milk and cream is an additional power. The true test in cases of this kind, in determining the nature and character of a corporation, is—applying it to the facts of the case at bar—if the corporation had engaged exclusively in buying and selling milk, cream, butter, and cheese, whether the milk and cream were pasteurized or the butter and cheese manufactured by it or not, could proceedings have been maintained to forfeit its charter on the ground that it was doing a business not authorized or warranted by its articles of association? Clearly not. The articles fully warrant it to engage in the business stated, without pasteurizing or treating milk at all, and without manufacturing the butter or cheese by it sold. The corporation is authorized to apply the process of pasteurizing milk, and to manufacture butter and cheese, but that is not the exclusive or only purpose of its creation. It could buy, sell, and deal generally in such articles without infringing in the least upon the authority reserved to it by the articles of association.

The case is very similar in essential respects to Merchants Nat. Bank of St. Paul v. Minnesota T. M. Co., supra, page 144. While the intention of the parties in forming the corporation is controlling in determining the purpose for which the corporation was created, that intention must be ascertained from the language of the articles of association defining the purposes of the corporation. As the plain language under consideration authorizes the corporation to engage in a business other than of a mechanical or manufacturing nature, and as the additional power is not essential to its manufacturing or mechanical business, it was not organized exclusively for manufacturing or mechanical purposes, and the individual liability of the stockholders for its liabilities and debts exists. The demurrer to the complaint was properly overruled.

Order affirmed.