## J. P. GRAFF v. MINNESOTA FLINT ROCK COMPANY AND OTHERS.[1]

October 22, 1920.

No. 21,856.

**Definition of manufacturer.**

1. A manufacturer is one who by labor, art or skill transforms raw material into some kind of a finished product or article of trade.

[1] Reported in 179 N. W. 562.

**Manufacturing corporation — liability of stockholders.**

2. A corporation organized to operate a stone quarry, and to use the excavated or blasted material either in some allied manufacturing industry conducted by it, or in any other manner, which would include a sale thereof on the market in its raw form, is not an exclusively manufacturing corporation within the meaning of section 3 of article 10 of the state Constitution, and the stockholders thereof are not exempt from the liability there created.

**Mechanical corporation—case followed.**

3. It is not a mechanical corporation because not connected or associated in the use of the material with any form of manufacturing industry. Cowling v. Zenith Iron Co. 65 Minn. 263, followed and applied.

Action in the district court for Brown county to enforce the constitutional liability of stockholders in defendant corporation. The separate demurrers to the complaint were overruled, Clague, J. From the order overruling the demurrers, defendants appealed. Affirmed.

*F. H. DeGroat* and *Pfaender & Erickson,* for appellants.

*Somsen, Dempsey & Flor,* for respondent.

BROWN, C. J.

Action to enforce the constitutional stock liability of the stockholders of defendant corporation. There was a demurrer to the complaint by the individual defendants, stockholders, and they appealed from an order overruling the same; the court having certified that the question presented was important and doubtful.

The only question involved is whether the company is a manufacturing or mechanical corporation within the meaning of the constitutional provision exempting such corporations from the stock liability there imposed. (Article 10, section 3, of the Constitution.) The rule is settled by our decisions that to bring a particular corporation within the exception it must be exclusively manufacturing or mechanical. If the corporation under the authority reserved to it by its articles of incorporation lawfully may engage in any business or occupation other than manufacturing, not incidental to nor allied therewith, the constitutional exemption from liability does not apply. 1 Dunnell, Minn. Dig. § 2080; Cowling v. Zenith Iron Co. 65 Minn. 263, 68 N. W. 48, 33 L.R.A. 508, 60 Am. St. 471. Such is the rule generally where this class of corpora-

tion is thus favored by the law.   14 C. J. 86.   We have then only to in-
quire whether, by the authority reserved to it by its articles of associa-
tion, defendant corporation is exclusively a manufacturing or mechanical
corporation.   The authority so reserved is in the following language:

"The general nature of the business of the corporation shall be the
mining, quarrying, crushing and marketing of any kind of stone, ore or
other mineral substances, and the manufacturing or in any other man-
ner utilizing any of said articles or minerals, and generally the doing
of all acts necessary for carrying on such business, including the buying
and selling or leasing of real estate."

A manufacturer is one who by labor, art or skill transforms raw ma-
terial into some kind of a finished product or article of trade.   Operating
a stone quarry is not manufacturing within the rule, except when coup-
led with the additional work of shaping the blasted material into form
for use as building material, street curbing or other finished product.
Likewise the mining of mineral is not manufacturing unless so connected
with or the mineral be used in some allied manufacturing enterprise as
to make it a necessary part of the one industry.   Cowling v. Zenith Iron
Co. supra.   The authority of the corporation in the case at bar, as above
set out, clearly takes it out of the class of manufacturing corporations
which are exempt from stock liability.   The corporation may, under the
authority thus reserved, engage in stone quarry work, and use the blasted
material in some allied manufacturing enterprise, or it "may utilize the
material in any other manner."   It could, and be within the power and
authority so expressed, blast the rock and sell the raw material in car
lots to the trade, or engage in mining for mineral and sell and dispose
of the mineral taken from the earth without any attempt to trans-
form it by labor, skill or otherwise, into any kind of finished or even un-
finished article of trade.   It is therefore neither an exclusive manufac-
turing corporation, nor a mechanical concern within the rule stated in
the Cowling case, which we follow and apply.

The suggestion on the oral argument that there is a defect of parties de-
fendant, raised by the demurrer but not discussed in the brief, is not con-
sidered.   It is not an important matter at this time.   The primary pur-
pose of the action in its first stage is the determination of the question of
insolvency of the corporation and the existence of creditors.   The ques-

tion of who are the stockholders, and liable as such, will come up in its order, if a receiver shall be appointed and it becomes necessary to resort to the stock liability. The stockholders will then be in position to present any defense that may be available to them in such cases. Finch, Van Slyck & McConville v. Vanasek, 132 Minn. 9, 155 N. W. 754.

Our conclusions are therefore in harmony with those of the learned trial court and the order appealed from must be and is affirmed.