CARNEGIE DOCK & FUEL COMPANY AND ANOTHER v.
KENSINGTON MILLS, INC. AND OTHERS.[1]

May 26, 1922.

No. 22,879.

**Corporation — articles construed — stockholders not liable to creditors.**
     Articles of incorporation construed and *held* to limit the corporation to carrying on a manufacturing business exclusively, with consequent nonliability of the stockholders to creditors of the corporation.

Action in the district court for Hennepin county to sequestrate the property of defendant corporation. A receiver was appointed who applied for an order assessing stockholders. The motion of certain stockholders for an order removing defendant's default was heard and denied by Nye, J. From the judgment, decree and order for assessment against all the stockholders of defendant corporation

[1]Reported in 188 N. W. 270.

and authorizing George S. Grimes, receiver, to enforce the assessment, the stockholders appealed.  Reversed.

*Constant Larson* and *A. T. Larson,* for appellants.

*William Howard Anderson* and *George S. Grimes,* for respondents.

LEES, C.

In September, 1921, plaintiff obtained a default judgment against the defendant corporation, docketed it in the office of the clerk of the district court of Hennepin county, caused an execution to be issued thereon directed to the sheriff of Hennepin county, and obtained the return of the sheriff that no property of the defendant could be found within his county.  This action was then commenced to sequestrate the property of the corporation.  It failed to answer and plaintiff obtained the appointment of a receiver, who applied for an order assessing the stockholders.  They appeared and opposed the application, principally on the ground that the corporation was organized for the purpose of carrying on a manufacturing business exclusively, and hence its stockholders were not liable to assessment.

The corporation was organized under the laws of this state in August, 1918, with a capital stock of $50,000 subsequently increased to $100,000, divided into shares of the par value of $10 each.  The articles specified the general nature of its business to be "the manufacture of all kinds of flour, cereal products, feed and milling stuffs, and to acquire by purchase, lease or otherwise, and to own, sell, lease, mortgage, convey, improve and operate such real estate, factories, elevators, buildings and manufactories for the production and storage of all kinds of goods that may be produced from or in conjunction with grain or cereals of any kind, and such machinery, grain and other personal property as may be necessary and proper to carry on the above business and do all things necessary and proper to fully carry into effect the above powers."  Fairly construed, does this language limit the business to that of manufacturing, including such business as is properly incidental thereto?

This court has held that under our Constitution liability of stockholders for the debts of the corporation is the general rule, and

nonliability the exception, Merchants Nat. Bank of St. Paul v. Minnesota Thresher Mnfg. Co. 90 Minn. 144, 95 N. W. 767, that if a corporation, ostensibly organized to conduct a manufacturing business, might transact business other than manufacturing without being open to the charge that its dealings were ultra vires, its stockholders do not come within the exception, St. Paul Barrel Co. v. Minneapolis Distilling Co. 62 Minn. 448, 64 N. W. 1143; that, if stockholders wish to come under the exception, they must see that express terms are inserted in the articles of incorporation which limit the business to that of manufacturing or such as is properly incidental thereto, Minnesota T. Ins. & T. Co. v. Regan, 72 Minn. 431, 75 N. W. 722; and that if, under the authority reserved to it by its articles, the corporation may lawfully engage in any business not exclusively manufacturing or mechanical and not properly incidental thereto, the constitutional exemption from liability does not apply, Graff v. Minnesota Flint Rock Co. 147 Minn. 58, 179 N. W. 562.

The articles considered in Anderson v. Anderson Iron Co. 65 Minn. 281, 68 N. W. 49, 33 L. R. A. 510, and in Cuyler v. City Power Co. 74 Minn. 22, 76 N. W. 948, come nearest to being the same in substance as those now before us. In the first case it was contended that the corporation was organized for the sole purpose of mining. After stating that such was to be its business, the articles contained the following words: "Also buying, selling, leasing and dealing in mineral lands for the above purposes." This provision was construed to mean that as part of its general business the corporation might deal in mineral lands for the purpose of having someone else mine them, and the stockholders were charged with liability to creditors. In the second case the articles were construed to authorize the corporation to engage in the business of generating motive power by water or steam and the transmission of such power for use for any proper purpose. There was a clause which authorized the corporation to acquire, hold and improve real estate and water power and to dispose of any or all of its property either by sale or lease. It was held—Mr. Justice Mitchell dissenting—that, fairly construed, this clause did not authorize the corporation to buy and sell land and

water power save as necessary to prosecute its real business of generating and transmitting motive power.

The reasoning in the opinions delivered in these cases is helpful, but neither case settles the construction of the articles now under consideration. The meaning sought to be expressed by their language is not entirely clear. Considering it as a whole, we think it cannot fairly be construed to authorize the corporation to engage in business other than manufacturing. The authority to acquire and own real estate is not unlimited. Such property can only be acquired "for the production and storage of * * * goods * * * produced from or in conjunction with grain or cereals." The real nature of the business of the corporation was manufacturing flour, feed and the like. To make flour, it was necessary to have grain and a mill to grind it. A supply of grain would ordinarily be kept on hand and stored in an elevator. It might be necessary to have a building where unsold flour could be stored. Authority to engage in the business of dealing in real estate generally can hardly be spelled out, for it could only be lawfully acquired for a specific purpose, namely, production and storage of commodities made from grain. If it was intended that the corporation should deal in real estate as well as manufacture flour, it is unreasonable to suppose that the articles would restrict it to dealing in such property only as was used to mill grain and store the products manufactured therefrom. This restriction upon the use of land or buildings must be read in connection with the concluding portion of the articles, which fairly indicates that the corporation could only acquire such property as was necessary and proper to carry on the business of milling. We conclude that it might not lawfully engage in any business other than manufacturing, and hence the stockholders are not liable to assessment.

Order reversed.

DIBELL, J. (dissenting.)

In my judgment the articles of incorporation do not confine the corporation's activities to an exclusively manufacturing business. It can do something in the nature of a storage and elevator business

aside from manufacturing; and perhaps some further business. The corporation, the record tends to show, construed its articles as allowing it to do a storage business and issue warehouse receipts. As stated in the opinion, a stockholder claiming an exemption from corporate debts must see to it that the articles clearly limit the authorized business to manufacturing. It seems to me that a fair construction of the awkwardly worded articles permits the company to go considerably beyond exclusive manufacturing within the following cases holding stockholders liable: Graff v. Minnesota Flint Rock Co. 147 Minn. 58, 179 N. W. 562; Meen v. Pioneer P. Co. 90 Minn. 501, 97 N. W. 140; Minnesota T. Ins. & T. Co. v. Regan, 72 Minn. 431, 75 N. W. 722; Commercial Bank of St. Paul v. Azotine Mnfg. Co. 66 Minn. 413, 69 N. W. 217; First Nat. Bank of Winona v. Winona Plow Co. 58 Minn. 167, 59 N. W. 997; Anderson v. Anderson Iron Co. 65 Minn. 281, 68 N. W. 49, 33 L. R. A. 510.