## E. A. KREMER, AS RECEIVER v. C. F. TELLIN.[1]

January 12, 1923.

No. 23,226.

Corporation—when stockholders are exempt from constitutional liability.

1. Whether a corporation is organized for carrying on a manufacturing or mechanical business, is determined by the purpose declared in the articles of incorporation. If the corporation may, under its articles, engage in any business other than manufacturing or mechanical business and the activities incidental thereto, the constitutional exemption from liability does not apply.

Articles of creamery corporation construed.

2. A corporation organized for "the manufacture of butter, cheese and other products of milk and cream, and to sell and dispose of said products when manufactured; and to carry on all the business

[1]Reported in 191 N. W. 735.

essential thereto, which shall include the buying of dairy stock and the selling of it to the farmers of the vicinity for the purpose of encouraging the dairying industry," is *held* not organized exclusively for the purpose of carrying on a manufacturing or mechanical business.

Action in the district court for Itasca county to recover $300. The case was tried before Stanton, J., who at the close of the testimony directed a verdict in favor of defendant. From an order denying his motion for judgment notwithstanding the verdict or for a new trial, plaintiff appealed. Reversed.

*Willard A. Rossman,* for appellant.

*Marshall A. Spooner* and *C. C. McCarthy,* for respondent.

HALLAM, J.

The Deer River Co-operative Creamery Association was organized under the laws of this state in November, 1914. The nature of its business was defined in its certificate of incorporation as follows: "The manufacture of butter, cheese and other products of milk and cream, and to sell and dispose of said products when manufactured; and to carry on all the business essential thereto, which shall include the buying of dairy stock and the selling of it to the farmers of the vicinity for the purpose of encouraging the dairying industry." This action was commenced by a receiver of the corporation, duly appointed after proper proceedings, to recover $300 the alleged constitutional liability of defendant as a stockholder, on account of three shares of stock alleged to have been held by defendant. The trial court directed a verdict in favor of defendant on the ground that the articles of incorporation "express the intention of the incorporators to incorporate only a manufacturing concern." Plaintiff appeals.

The exemption from liability applies to stockholders of corporations "organized for the purpose of carrying on any kind of manufacturing or mechanical business," Const. article 10, section 3.

The question presented on this appeal is whether this corporation is exclusively a manufacturing corporation. The purpose as declared in the articles of incorporation governs, and not the business actually transacted. Arthur v. Willius, 44 Minn. 409, 415, 46 N.

W. 851; First Nat. Bank of Winona v. Winona Plow Co. 58 Minn. 167, 59 N. W. 997; Carnegie Dock & Fuel Co. v. Kensington Mills, 152 Minn. 258, 188 N. W. 270.

In Graff v. Minnesota Flint Rock Co. 147 Minn. 58, 179 N. W. 562, the court said: "If the corporation, under the authority reserved to it by its articles of incorporation, lawfully may engage in any business or occupation, other than manufacturing, not incidental to nor allied therewith, the constitutional exemption from liability does not apply."

These principles have been applied in numerous cases. The facts differ in the different cases. None are just like this.

The sale of the manufactured product is properly incident to manufacture. Senour Mnfg. Co. v. Church Paint & Mnfg. Co. 81 Minn. 294, 84 N. W. 109.

A corporation organized to engage in a mechanical business closely allied to, or incidental to, some kind of manufacturing business is within the exemption and the mining of iron ore has been held such a mechanical business. Cowling v. Zenith Iron Co. 65 Minn. 263, 68 N. W. 48, 38 L. R. A. 508, 60 Am. St. 471.

A corporation formed to engage in the business of "buying, manufacturing and dealing in milk, cream, butter, cheese and other dairy products, and pasteurizing and treating said milk, and packing, storing, handling and selling said products when so pasteurized and treated," was held not exclusively a manufacturing or mechanical corporation, in that it might buy, sell and deal in such articles generally. Meen v. Pioneer Pasteurizing Co. 90 Minn. 501, 97 N. W. 140.

Articles specifying the nature of the business as "the manufacture of all kinds of flour, cereal products, feed and milling stuffs, and to acquire by purchase, lease or otherwise, and to own, sell, lease, mortgage, convey, improve and operate such real estate, factories, elevators, buildings and manufactories for the production and storage of all kinds of goods that may be produced from or in conjunction with grain or cereals of any kind, and such machinery, grain and other personal property as may be necessary and proper to carry on the above business and do all things necessary and proper to fully

carry into effect the above powers," were held to limit the activities of the corporation to manufacturing and other business properly incidental thereto. Carnegie Dock & Fuel Co. v. Kensington Mills, 152 Minn. 258, 188 N. W. 270.

Applying the applicable principles to this case, it seems clear that this corporation cannot be held to be one organized exclusively for manufacturing and business incident thereto. The selling of stock "to the farmers of the vicinity, for the purpose of encouraging the dairying industry," seems to us quite too remote from the manufacture of "products of milk and cream" to be considered an essential or an incident thereto. It is much more remote than the sale of products of manufacture, or the production of raw material for manufacture, or the storage of raw material. Hardly a step farther would be the sale to farmers of foodstuffs calculated to stimulate higher production of milk and cream, or of contrivances for conserving milk and cream, or the development of methods of breeding better calculated to enhance such production.

It helps little that the language of the certificate of incorporation impliedly states that this is business "essential" to the manufacture of products of milk and cream. If it is not such an essential, the language of the certificate of incorporation cannot make it so.

Nor can it properly be said that this language limits the buying and selling of dairy stock to transactions such as are incident to manufacture of products of milk and cream. If the character of the business authorized were left in doubt, language of this court might serve to clarify the meaning, or if some branches of such business could be said to be incident to such manufacture, this language might limit the activities to such things as were incident to manufacture. But, as we view the case, the buying of dairy stock and the selling of it to farmers cannot in any event be said to be, in any proper sense, an essential or an incident to the manufacture of dairy products.

In Meen v. Pioneer Pasteurizing Co. 90 Minn. 501, 97 N. W. 140, it was said:

"The true test in cases of this kind in determining the nature and character of a corporation, is—applying it to the facts of the case at

bar—if the corporation had engaged exclusively in buying and sell-
ing milk, cream, butter, and cheese, whether the milk and cream
were pasteurized or the butter and cheese manufactured by it or not,
could proceedings have been maintained to forfeit its charter on the
ground that it was doing a business not authorized or warranted by
its articles of association?"

Counsel argue that the certificate of incorporation is not suscept-
ible of a construction that would authorize this corporation to en-
gage solely in the business of buying dairy stock and selling it to
farmers of the vicinity for the purpose of encouraging the dairying
industry. As we read the certificate, no exception could be taken
to the corporation doing just that thing.

Defendant contends that in any event the result of the trial court's
decision was right, because, if this be not a manufacturing corpor-
ation, there are facts entitling defendant to have his stock subscrip-
tion rescinded, and the corporate records purged of his name as a
stockholder, and entitling him to consequent relief from stockhold-
er's liability, citing Bartlett v. Stephens, 137 Minn. 213, 163 N. W.
288.

Whether defendant is entitled to this relief, we do not determine.
There is no finding of the court on this point, and we are of the
opinion that he is not entitled to this relief as a matter of law.

Order reversed.