## E. J. PHELPS v. CONSOLIDATED VERMILLION & EXTENSION COMPANY.
## R. S. ZIEGER AND OTHERS, STOCKHOLDERS, APPELLANTS AND RICHARDSON PHELPS, AS RECEIVER, RESPONDENT.[1]

November 30, 1923.

No. 23,477.

**All stockholders of insolvent corporation concluded by order levying assessment on them.**

1.   In making an order for the assessment of stockholders pursuant to section 6646, G. S. 1913, the court must necessarily determine that the corporation is not in the excepted class mentioned in section 3, article 10, of the state Constitution, and the determination of the question is conclusive as to all the stockholders.

**No assessment if order reserves question whether corporation is in excepted class.**

2.   If the order expressly reserves the question for future determination, the order is incomplete and there is no assessment.

**Receiver may have order completed.**

3.   The receiver may have the order completed by applying to the court for a further hearing of his petition for the assessment and for the determination of the question left open when the order was made.

**Jurisdiction of court continues until receivership is wound up.**

4.   The court's jurisdiction is not exhausted when the order is entered. It continues until the receivership is at an end.

[1]Reported in 195 N. W. 923.

**Purpose of corporation proved by its articles—extrinsic evidence inadmissible.**

    5. The purpose for which a corporation was organized must be ascertained by examining its articles of incorporation. Proof of the customary manner of conducting mining operations is not admissible to explain or limit the declared purpose of the corporation as set forth in its articles.

**Defendant corporation not in excepted class.**

    6. The articles of the corporation in which appellants were stockholders did not limit it to carrying on a manufacturing or mechanical business exclusively.

**Jurisdiction over stockholders obtained by mailing them court notice of assessment.**

    7. Notice to stockholders by mail as directed by the court is sufficient to give the court jurisdiction over them for the purpose of making the assessment authorized by section 6646, G. S. 1913.

**Amendment of original order nunc pro tunc did not validate that order.**

    8. An assessment order, invalid for the reason above stated, cannot be validated as of the date of its entry. It can only be given effect after a rehearing of the question as to whether the corporation is within the constitutional exception and a judicial determination that it is not. An amendment nunc pro tunc of the original order is not permissible and the amendment cannot have a retroactive effect.

Action in the district court for Hennepin county to sequestrate the property of defendant company. The proceedings are narrated at the beginning of the opinion. From the order of December 6, 1922, Waite, J., overruling the objections of John Oas and other stockholders on the ground that the court had no jurisdiction, and amending the order of assessment upon the stockholders dated November 5, 1921, nunc pro tunc, R. S. Zieger, John Oas and Elmer H. Hall appealed. Modified.

*James E. Trask,* for appellants.
*George M. Bleecker,* for respondent.

LEES, C.
The Consolidated Vermillion & Extension Company is a corporation organized under the laws of this state. On October 23, 1920,

Richardson Phelps was appointed receiver of the company in an action brought to sequestrate its property. He presented a petition to the district court of Hennepin county, stating that claims against the company aggregating more than $300,000 had been filed with him; that its authorized capital was $900,000, divided into 450,000 shares of the par value of $2 each, of which about 400,000 were outstanding and owned by about 1,300 stockholders scattered throughout the United States, all of whom were liable for the debts of the company to the extent of the par value of the shares of stock they held. He set out article 2 of the articles of incorporation, reading as follows:

"The general nature of the business of this corporation shall be: To acquire by purchase, lease, option or otherwise, lands in any part of the world, for the purpose of exploring and prospecting for iron, coal, copper and other ores.

"To acquire by lease, option, purchase, gift, devise, grant, conveyance, agreement or otherwise, and to own, hold, possess, enjoy, develop and work, and to sell, lease, convey, or otherwise dispose of real estate, mines, mineral rights and mineral lands in any part of the world and especially lands containing or believed to contain deposits of iron, coal, copper or other minerals, and any right, title or interest therein; and to develop, operate and work mines, upon, in or under such lands, for the purpose of mining and producing iron, copper and other ores and minerals; to mine, smelt, prepare for market, manufacture, buy, sell, exchange, and deal in iron ores, copper ores, and in all kinds of ores, and in iron, coal, steel, copper, and in all kinds of metals, and minerals, in the products and by-products thereof, of every kind and description. Also to receive, ship or transport ores, minerals and supplies to and from any mines or workings upon the Company's property, or for the accomplishment of any other purpose for which the Company is formed. Also to construct, purchase, lease, or otherwise acquire buildings, machinery, powerhouses, pumping plants, pump machinery, private railways, private tramways, private roads, easements, franchises, and licenses. Any and all of said business to be carried on in the State of Minnesota or elsewhere, and the principal place of transacting the busi-

ness of said Corporation shall be in the City of Duluth, in the County of St. Louis and State of Minnesota, with such branch offices at such other points or places as may from time to time be determined by the Board of Directors of said Corporation."

He asked for a stockholders' assessment of 100 per cent, and on November 5, 1921, an order for one was signed by Judge Montgomery. In October, 1922, the receiver asked for a further hearing of the petition to enable the court to determine whether the corporation was one whose stock is assessable. He also asked the court to make its order in accordance with such determination as of date November 5, 1921. A hearing was had on November 18, 1922, after notice to the corporation and the stockholders. Three stockholders appeared, objected to the court's jurisdiction, and asked to be permitted to answer the original petition if their objections were overruled. The hearing was before Judge Waite, who overruled the objections and amended the order of November 5, 1921, as hereinafter stated. It was determined by that order that it was necessary to levy the assessment heretofore mentioned and each stockholder was directed to pay his assessment within 40 days. This determination was followed by these words:

"The question of whether or not the defendant company was organized for the exclusive purpose of carrying on a manufacturing or mechanical business, is not hereby determined."

The court struck them from the order and inserted in lieu thereof the words:

"It is the intent hereof expressly to determine that the defendant company was not organized for the exclusive purpose of carrying on a manufacturing or mechanical business and that the stockholders are not within the exception contained in Section 3, Article 10, of the Constitution of Minnesota."

The objecting stockholders have appealed.

In a memorandum Judge Waite stated his reasons for modifying the order. He said that it purported to make an assessment, but declared in the same breath that it left as an open question the existence of authority to make it, and hence it was void as an assess-

ment order, even if it had validity for any other purpose; that this was not judicial error, but rather a judicial inadvertence which should be corrected and the order validated nunc pro tunc; and that the articles of incorporation, as set forth in the receiver's petition, did not bring the corporation within the exception mentioned in section 3, article 10, of the Constitution. Of the rights of defendants in pending actions brought to enforce the assessment, this was said:

"The courts will not permit it (the modified order) to have an inequitable effect merely because it is made nunc pro tunc. On a showing * * * by any stockholder that he was misled through an understanding with the receiver that the reservation clause should appear in the original order of assessment, and that he desires a rehearing on any point covered by the order as amended, this court will be friendly to a timely application therefor."

An order for the assessment of stockholders is necessarily based on a determination that the corporation is not in the excepted class mentioned in section 3, article 10, of the state Constitution. Section 6647, G. S. 1913; Neff v. Lamm, 99 Minn. 115, 108 N. W. 849. The determination is binding upon all the stockholders. Its conclusive effect is not dependent on their personal presence because they are in privity with the corporation and so far an integral part of it that in the eye of the law they are represented by it, and a judgment against it is in effect a judgment against them. Hanson v. Davison, 73 Minn. 454, 76 N. W. 254; Greenfield v. Minnesota M. & D. Co. 138 Minn. 446, 165 N. W. 274; Marin v. Augedahl, 247 U. S. 142, 38 Sup. Ct. 452, 62 L. ed. 1038.

To support an order for an assessment, there must be liability on the part of the stockholders for corporate debts and insolvency of the corporation necessitating the enforcement of such liability to provide funds for the payment of such debts. G. S. 1913, §§ 6645, 6646. Manifestly an assessment can only be made after the court has determined that the corporation is not within the excepted class. The order of November 5 was a nullity in the absence of a determination by the court that the corporation was not organized for the exclusive purpose of carrying on a manufacturing or mechanical

business. The attempt to reserve that question for future determination amounted to nothing if an assessment was in fact levied. If the reservation clause had any effect, the order was incomplete. If the stockholders are liable, the order should be completed or proceedings to assess them should be begun anew.

Finch, Van Slyck & McConville v. Vanasek, 132 Minn. 9, 155 N. W. 754, is not at variance with Neff v. Lamm, supra, although there is language in the opinion which might give rise to the inference that, if a corporation is within the excepted class, a stockholder may assert that fact as a personal defense to an action brought to collect his assessment. Only defenses of that character are available to a stockholder sued upon an assessment. Straw & E. Mnfg. Co. v. L. D. Kilbourne B. & S. Co. 80 Minn. 125, 83 N. W. 36; Selig v. Hamilton, 234 U. S. 652, 34 Sup. Ct. 926, 58 L. ed. 1518, Ann. Cas. 1917A, 104. The court did not rule in the Finch case that an assessment order does not affect all stockholders alike or that it is not a final determination that all are liable for the payment of corporate indebtedness. If an order for an assessment is not a final determination that the corporation is not within the exception mentioned in the Constitution, every stockholder could litigate that question when sued by the receiver. Different courts might reach different conclusions and some stockholders might be held while others escaped liability, although all were in the same boat. This is something which should be taken into account in considering the effect to be given to an assessment order.

The court's jurisdiction was not exhausted when the order for the assessment was entered. Jurisdiction continues until the receivership is at an end. G. S. 1913, §§ 6648-6651. What we are now particularly concerned with is the manner in which jurisdiction was exercised.

The appeal is presented upon a bill of exceptions showing that at the hearing two of the appellants filed an answer setting out the language of the articles of incorporation found at the beginning of this opinion. This was followed by allegations relative to the manner in which the business of mining and smelting ores is conducted. Appellants offered proof in support of these allegations,

but the court refused to receive it. There was no error in this. We have uniformly held that the court will look only to the articles to ascertain the purpose for which a corporation was organized. Dunnell, Minn. Dig. and Supp. § 2080. This corporation was not confined by its articles to the business of manufacturing or to a mechanical business. It would not have exceeded its powers if it had bought and sold mineral lands or ore. Anderson v. Anderson Iron Co. 65 Minn. 281, 68 N. W. 49, 33 L. R. A. 510, and Graff v. Minn. Flint Rock Co. 147 Minn. 58, 179 N. W. 562, are controlling as to this feature of the case. The stockholders were liable for the debts of the corporation. Their liability appears when the articles are examined. They were not entitled to introduce extrinsic evidence to support their attempt to bring the corporation within the constitutional exception.

Stockholders have the right to be heard on the question of their liability at some stage of the proceeding. Has that right been denied appellants? The order of December 6, 1922, was made in response to the petition to which reference has already been made. The stockholders were notified of the hearing by mail. It is contended that such notice is not due process of law if a resident stockholder is to be charged with liability, because no personal judgment against him is valid unless he has been personally served with process. Bardwell v. Collins, 44 Minn. 97, 46 N. W. 315, 9 L. R. A. 152, 20 Am. St. 547.

In levying an assessment upon the stock of an insolvent corporation, a court does not have before it an action in personam, proceeding according to due process of common law. No personal judgment is rendered against stockholders when the assessment is made. The assessment order has reference to a corporation of which the stockholders are members, and the representation which they have by virtue of their membership is sufficient to subject them to the jurisdiction of the court. Greenfield v. Hill City Land, L. & L. Co. 141 Minn. 393, 170 N. W. 343; Bernheimer v. Converse, 206 U. S. 516, 27 Sup. Ct. 755, 51 L. ed. 1163.

We cannot sustain the contention that the court summarily determined that the stockholders were liable without hearing them on

the merits. There is nothing in the bill of exceptions or order to indicate that the court refused to hear argument as to the construction which should be placed upon the articles of incorporation.

The reservation clause was not inserted in the order inadvertently. Counsel for the receiver and the stockholders agreed upon it and the court ratified the agreement, but nevertheless the views heretofore expressed compel the conclusion that it was improperly made part of the order. The order was none the less invalid because the parties consented to the insertion of the clause, and the receiver is not estopped from questioning its validity because he improvidently stipulated that it might be inserted. Macknick v. Switchmen's Union, 131 Minn. 246, 154 N. W. 1099. The receiver might have had the order set aside and might have begun a new proceeding to assess the stockholders. In effect this is what he did when he asked the court to remove the objectionable clause from the order. Nothing would be gained by compelling him to travel over the same road again to get another order assessing the stockholders. This is a case for the application of section 7789, G. S. 1913. The petition was sufficient as a basis for a proper assessment order if the court determined that the stockholders were subject to assessment. The point that the order could not be modified after the time for appealing from it had expired, has no force because the order must be treated as void.

But we agree with appellants' counsel that, if the order of November 5 was a nullity, life could not thereafter be imparted to it. Stockholders against whom actions are pending cannot be held for an assessment which had no validity when the actions against them were begun. We are of the opinion that the court had power to make a new order in form the same as the first one, with the omission of the reservation clause, the same to become effective as of the date of its entry and not before. The cause is, therefore, remanded to the court below with directions to modify its order in accordance with the views here expressed.