# NORTMANN-DUFFKE COMPANY v. FEDERAL CRUSHED STONE COMPANY.[1]

May 21, 1926.

No. 25,316.

**General purpose clause in articles of incorporation construed.**

A general purpose clause in articles of a corporation construed as meaning that it was not engaged exclusively in manufacturing within § 3, art. 10, of our Constitution and hence the constitutional exemption is without application.

Corporations, 14 C. J. p. 975 n. 31, 33; p. 976 n. 38.
Crude, 17 C. J. p. 387 n. 73, 73 New.

Action in the district court for Hennepin county to enforce stockholders' liability. Certain stockholders appealed from an order, Montgomery, J., assessing them 50 per cent upon their respective shares. Affirmed.

*Cobb, Wheelwright, Hoke & Benson* and *Ben R. Toensing,* for appellants.

*Glenn S. Stiles,* for respondent.

*George P. Gurley,* filed a brief as amicus curiae.

WILSON, C. J.

Action to enforce constitutional liability of the stockholders in defendant corporation. Certain stockholders appealed from an order of assessment.

Appellants claim that the corporation is a manufacturing corporation within § 3, art. 10, of the state Constitution. The general purpose clause in the articles of incorporation reads:

"The general nature of its business shall be to mine, quarry, cut, saw, crush, finish, set, dress, purchase and prepare for market, stone, marble, limestone and other minerals and manufacture the same into various products thereof, and transport and sell the same in crude or manufactured form, and as incident to such business to

[1]Reported in 209 N. W. 17.

acquire, lease, hold and sell real estate, and to have, own, hold, maintain and operate all of the necessary tools, plant, machinery, devices and appliances in connection therewith."

In Graff v. Minn. Flint Rock Co. 147 Minn. 58, 179 N. W. 562, this court said: "Operating a stone quarry is not manufacturing" within the definition of a "manufacturer" as therein announced. It may be when coupled with the finishing of the product. The articles give the corporation the power to "quarry" stone and to "sell the same in crude or manufactured form." The word "crude" usually means raw or unfinished. As here used it is plain that it meant other than a manufactured product. It therefore necessarily follows that the corporation may do some business that is not manufacturing. If its business is not exclusively manufacturing, liability attaches. We think the Graff case is controlling and that it has not been overruled by the case of C. D. & F. Co. v. Kensington Mills, Inc. 152 Minn. 258, 188 N. W. 270, as claimed by appellant. The constitutional exemption does not apply if the corporation may, under its articles, engage in any business other than manufacturing. Kremer v. Tellin, 154 Minn. 267, 191 N. W. 735; State ex rel. v. Mortgage S. Co. 154 Minn. 453, 192 N. W. 348; Phelps v. Consolidated V. & E. Co. 157 Minn. 209, 195 N. W. 923.

Affirmed.