SIBLEY COUNTY BANK OF HENDERSON v. CRESCENT MILLING COMPANY.
JOSEPH GRIFFITH, RECEIVER.[1]

October 14, 1927.

No. 26,253.

**Test to determine whether stockholders in Minnesota corporation are free from double liability.**

1. The test as to whether a Minnesota corporation is authorized to do an exclusively manufacturing business so that its stockholders are not subject to a double liability is whether under its articles of incorporation the corporation can maintain the right to conduct other than a manufacturing business against the objection of the state or dissenting stockholders.

[1] Reported in 215 N. W. 521.

**Language of article of incorporation construed.**

2. The language of the general purpose clause quoted in the opinion construed and *held* to confine the corporation to an exclusively manufacturing business.

Corporations, 14 C. J. p. 979 n. 77 New; 14a C. J. p. 259 n. 51; p. 260 n. 52; p. 267 n. 4; p. 270 n. 35; p. 272 n. 39.

· Joseph Griffith, as receiver of the defendant milling company in process of dissolution, appealed from an order of the district court for Hennepin county, Leary, J., sustaining the demurrers of certain stockholders to a petition for an order assessing them on their double liability. Affirmed.

*Allen & Fletcher,* for appellant.

*Andrew N. Johnson, Thomas E. Sands, Jr.* and *Henry G. Carleton,* for respondent elevator company.

*Shaw, Safford, Putnam & Shaw,* for respondents Welch and Poehler.

STONE, J.

[1] Appeal by the receiver of a Minnesota corporation in process of dissolution from an order sustaining the demurrers of certain stockholders to a petition for an order assessing them on their alleged double liability. The decision below was that the corporation was exclusively for manufacturing purposes and therefore against liability under art. 10, § 3, of the constitution of Minnesota. So the single question is whether under its articles of incorporation the Crescent Milling Company could have maintained the right to conduct other than a manufacturing business against the objection of the state or dissenting stockholders. That is the test. Arthur v. Willius, 44 Minn. 409, 415, 46 N. W. 851; Carnegie Dock & Fuel Co. v. Kensington Mills, Inc. 152 Minn. 258, 188 N. W. 270; Nortmann-Duffke Co. v. Federal Crushed Stone Co. 167 Minn. 333, 209 N. W. 17.

[2] The scope of the corporation's business is fixed by the first of its articles of incorporation, which so far as material is as follows:

"The name of this corporation shall be Crescent Milling Company. The general nature of its business shall be to construct,

maintain and operate flour and feed mills in the state of Minnesota; to lease or buy and hold such real property as may be necessary or useful for the accomplishment of that purpose; to buy and store wheat and other grain to be manufactured into flour or feed and to sell and dispose of the manufactured products of its mill or mills, and generally to do whatever is necessary or proper to be done in constructing, maintaining and operating its flour or feed mill or mills."

We are clear that there must be an affirmance. It could well be placed upon the opinion accompanying the order appealed from. The intention of the incorporators as expressed in the articles is the "sole criterion" for determining the scope of the company's business. Cuyler v. City Power Co. 74 Minn. 22, 76 N. W. 948. In construing the article which now controls decision the learned trial judge accurately observed that resort must be had to "a reasonable and not a strained or technical construction."

It is true that in general, with respect to Minnesota corporations, liability is the rule and nonliability the exception. Arthur v. Willius, 44 Minn. 409, 46 N. W. 851; Carnegie Dock & Fuel Co. v. Kensington Mills, Inc. 152 Minn. 258, 188 N. W. 270. But as to manufacturing corporations, nonliability is just as definitely the constitutional rule and liability the constitutional exception. So there is nothing which justifies a resort to strained or hypertechnical construction in order to arrive, if possible, at a conclusion in favor of liability. The ordinary rules for interpreting contracts and other writings obtain. Senour Mfg. Co. v. Church Paint & Mfg. Co. 81 Minn. 294, 298, 84 N. W. 109. It is the intent of the incorporators as expressed in their certificate of incorporation that determines the question. That they did not intend the corporation to do anything but a manufacturing business and that none other was ever engaged in is immaterial if in fact the purposes of the company are not so expressly limited by its articles or certificate of incorporation. First Nat. Bank v. Winona Plow Co. 58 Minn. 167, 59 N. W. 997; St. Paul Barrel Co. v. Minneapolis Distilling Co. 62 Minn. 448, 64 N. W. 1143; Merchants Nat. Bank of St. Paul v. Minnesota Thresher Mfg. Co. 90 Minn. 144, 95 N. W. 767.

It is first urged for appellant that this corporation was expressly authorized to engage in the business of constructing, as distinguished from operating, flour and feed mills. The learned trial judge disposed of that argument very convincingly as follows:

"The enabling article must be construed as a whole—we can not read the word 'construct' therein contained and stop. All the additional provisions must be read therewith, and doing that the plain meaning to be given the word 'construct' is that authority is given to a milling company to construct its flour and feed mills so that it may operate a milling business. The power to construct is incidental to the manufacturing business. The word 'construct' as first used is explained and limited by the final clause contained in this enabling article, reading as follows: 'And generally to do whatever is necessary or proper to be done in constructing, maintaining and operating its flour and feed mill and mills.'"

The power "to buy and store wheat and other grain" is limited even more clearly. There is not only a significant absence of an express power to sell stored grain, but also the express limitation of the power to buy and store grain to the purpose of its manufacture "into flour or feed." And here again applies the final limiting clause which, as observed below, restricts all that precedes to the purpose of "constructing, maintaining and operating" flour and feed mills, an exclusively manufacturing business.

Order affirmed.