EBERT-HICKEN COMPANY,. INC. v. SCOTT-BEVIER IRON MINING COMPANY.[1]

November 25, 1927.

No. 26,169.

**Business authorized by articles of incorporation not a manufacturing business.**

1. Exploring for iron and other ores and buying, leasing or selling mineral lands as an incident thereto is not a manufacturing business nor so closely related to manufacturing as to be incidental thereto.

**Stockholders of corporation subject to double liability.**

2. Its articles of incorporation permit defendant to engage in other than a manufacturing business or a mechanical business incidental thereto, and its stockholders are subject to the double liability imposed by the constitution.

Corporations, 14 C. J. p. 975 n. 31, 33; p. 976 n. 39.

W. P. Hicken as receiver and Mary C. Updahl as an intervening creditor of the defendant appealed from an order of the district court for St. Louis county, Magney, J. denying the receiver's application for an order levying an assessment against the stockholders of the defendant. Reversed.

*Courtney & Courtney* and *Theodore Hollister,* for appellants.

*McClearn & Gilbertson,* for respondent.

[1]Reported in 216 N. W. 325.

TAYLOR, C.

An application for an assessment upon the stockholders of the defendant corporation to pay the debts of the corporation was denied on the sole ground that the corporation is within the class of corporations whose stockholders are exempt from the liability imposed by art. 10, § 3, of the constitution, which reads:

"Each stockholder in any corporation, excepting those organized for the purpose of carrying on any kind of manufacturing or mechanical business, shall be liable to the amount of stock held or owned by him."

It is settled by a long line of decisions that the stockholders of a corporation are subject to the so-called double liability imposed by the constitution unless the charter of the corporation, fairly construed, confines its business exclusively to manufacturing and to such mechanical operations as are properly incident thereto. See cases cited in 2 Dunnell, Minn. Dig. (2 ed.) § 2080, subd. c. The question presented is whether the articles of incorporation of the defendant permit it to engage in other than an exclusively manufacturing business and a mechanical business so closely related thereto as to be reasonably incidental to its manufacturing business.

The articles of incorporation provide:

"The general nature of its business shall be exploring for, mining, producing and manufacturing iron and other ores and minerals, and buying, owning, developing, leasing or selling mineral lands as an incident thereto."

Exploring for iron and other ores and minerals, and buying, leasing or selling mineral lands as an incident thereto is not a manufacturing business nor so closely related to a manufacturing business as to come within the excepting clause of the constitution. It is usually conducted independently of either manufacturing or mining.

Would the corporation go outside its charter powers if it engaged in that business? The test, as stated in Sibley County Bank of Henderson v. Crescent Milling Co. 172 Minn. 394, 215 N. W. 521, is

whether the corporation may "conduct other than a manufacturing business against the objection of the state or dissenting stockholders." If the corporation should engage in the business of exploring for iron and other ores and of buying, leasing or selling the lands so explored, and its right to do so should be challenged by the state and it should answer that its charter authorized it to explore for iron and other ores, and to buy, lease or sell mineral lands as an incident thereto, and also authorized it to mine iron and other ores, and to buy, lease or sell mineral lands as an incident thereto, and also authorized it to manufacture iron and other ores and to buy, lease or sell mineral lands as an incident thereto, we think a court could not say that it had placed an unreasonable or unwarranted construction upon its articles of incorporation. Unlike the articles of incorporation in the case cited, they contain no provision limiting the business other than manufacturing to such as may be necessary, useful, or of aid in carrying on the manufacturing business.

The case of Cowling v. Zenith Iron Co. 65 Minn. 263, 68 N. W. 48, 33 L. R. A. 508, 60 A. S. R. 471, on which the respondent relies, probably goes farther than any other toward sustaining its position. But in that case the corporation was not authorized to explore for ores, nor to buy, sell or lease mineral lands. It was authorized to mine, smelt, refine and work iron ores and other minerals, and to manufacture iron and other metals. It was held that mining was a mechanical and not a manufacturing business, but that the mining of ores and minerals was so closely related to the manufacture of metals from such ores and minerals that it could be carried on as incidental to the business of manufacturing such metals, and that the stockholders of the corporation were exempt from the double liability for that reason. The court reached that conclusion in order to give effect to the words "mechanical business" contained in the exception, but held that these words as there used intended only a mechanical business which was so closely related to a manufacturing business as to be reasonably incidental thereto.

In Anderson v. Anderson Iron Co. 65 Minn. 281, 68 N. W. 49,

33 L. R. A. 510, which was argued with the Cowling case and in which the opinion was written by the same judge and filed at the same time as the opinion in that case, the articles of incorporation defined the business to be carried on as "mining, smelting, reducing, refining, and working iron, copper, and other minerals, working stone quarries, and marketing the material from all the same; also buying, selling, leasing, and dealing in mineral lands for the above purposes." It was held that the corporation was not within the rule of the Cowling case, and that its stockholders were subject to the double liability. Holland v. Duluth Iron M. & D. Co. 65 Minn. 324, 68 N. W. 50, 60 A. S. R. 480, followed the Anderson case.

In Merchants Nat. Bank of St. Paul v. Minnesota Thresher Mfg. Co. 90 Minn. 144, 95 N. W. 767, it is said that unless the corporation was organized

"for the exclusive purpose of engaging in manufacturing and such incidental business as may be reasonably necessary for effectuating the purpose of its organization, its stockholders are not within the exception."

Many other cases to the same general effect are cited in 2 Dunnell, Minn. Dig. (2 ed.) § 2080, subd. c.

We reach the conclusion that the articles of incorporation of defendant permit it to engage in a business other than manufacturing or so closely related to manufacturing as to be incidental thereto, and that its stockholders are subject to the liability imposed by the constitution.

Order reversed.