## A. J. VEIGEL AS RECEIVER OF MERCHANTS & MANUFACTURERS STATE BANK OF MINNEAPOLIS v. MINNEAPOLIS STONE COMPANY.[1]

May 20, 1932.

No. 28,818.

*Shaw, Safford, Putnam & Shaw,* for appellants.
*LeRoy Bowen* and *Leonard W. Simonet,* for respondent.

STONE, J.

This appeal by certain stockholders from an order assessing them because of their constitutional "double liability" raises the single question whether, under art. 10, § 3, of the state constitution, the Minneapolis Stone Company, a Minnesota corporation, was organized exclusively for the carrying on of "any kind of manufacturing or mechanical business." If it was not, applicants are subject to assessment.

The question must be answered by consideration, not of what was actually done by the corporation, but of what it was authorized to

[1] Reported in 242 N. W. 621.

do. The general purpose clause of its certificate of incorporation reads as follows:

"The general nature of its business shall be the manufacturing and quarrying of stone of any kind or description, the selling and disposing of its product, and the doing of anything and transacting of any business necessarily connected with a general stone manufacturing and quarrying business."

It is plain that the corporation could have confined its business to quarrying and the sale of rough stone without danger of successful attack on the ground of activity ultra vires. Sibley County Bank v. Crescent Milling Co. 172 Minn. 394, 215 N. W. 521. The case is ruled and affirmance required by Graff v. Minnesota F. R. Co. 147 Minn. 58, 179 N. W. 562. The quarrying of stone and sale of the rough product, not subjected to any mechanical process other than that required to remove it from its place in the ledge, was there held not an exclusively manufacturing or mechanical business within the meaning of the constitutional provision in question.

By the adoption in November, 1930, of the constitutional amendment proposed by L. 1929, p. 675, c. 429, Mason, 1931 Supp. p. 9, Const. art. 10, § 3, the legislature was given "power from time to time to provide for, limit and otherwise regulate the liability of stockholders or members of corporations * * * however organized," except that the liability of every stockholder in a banking or trust corporation or association for all its debts contracted "prior to any transfer of such stock" was preserved and continued. Pursuant to that amendment, L. 1931, p. 234, c. 210, Mason, 1931 Supp. §§ 7465-1, 7465-2, was enacted, providing that no stockholder in a corporation other than "a banking or trust corporation or association, shall be liable for any debt of said corporation." Section 2 of the act denies its application to "any existing liability." The constitutional amendment and resulting statute are noted, not because they have any effect upon this case, but simply to avoid misunderstanding.

Order affirmed.