Argued June 10; reversed July 8; rehearing denied
September 14, 1932

# COX *v.* UPDEGRAFF

(12 P. (2d) 1025, 14 P. (2d) 280)

*Bartlett Cole,* of Portland, for appellant.

*James G. Wilson,* of Portland (Wilson & Reilly, of Portland, on the brief), for respondent.

BELT, J. This is an action by the receiver of an insolvent corporation to recover the amount due on an assessment against a stockholder under the double liability clause of the constitution of Minnesota. The Federal Crushed Stone Company is a corporation organized under the laws of Minnesota. In 1920, the State Securities Commissions of Minnesota and South Dakota each granted a license to the corporation to sell 300 shares of "fully paid and non-assessable" stock. In making these applications the company set forth the form of stock certificate which it proposed to issue. It appears therefrom that such stock was to be fully paid and non-assessable. In 1921, the defendant Updegraff, who then resided at Sioux City, South Dakota, purchased twenty shares of such stock. Subsequent to this purchase the corporation became financially involved and upon petition by one of its creditors —the Nortmann-Duffke Co. which had obtained a judgment on which execution was returned unsatisfied —a receiver was appointed by the district court of Hennepin county, Minnesota. In these sequestration proceedings, the court, upon petition of the receiver, ordered a fifty per cent assessment against stockholders to satisfy the claims of creditors. Some of the stockholders—not including the defendant herein—appealed to the Supreme Court of Minnesota, asserting that, under the constitution of that state, the stockholders were not subject to double liability. The order of assessment, however, was affirmed on appeal. *Nortmann-Duffke Co. v. Federal Crushed Stone Co.*, 167 Minn. 333 (209 N. W. 17). In the instant action the circuit court found in favor of the defendant. Hence this appeal.

The decisive question in the case is whether the trial court gave full force and effect, under the full

faith and credit clause of the federal constitution, to the decree of the Supreme Court of Minnesota, affirming the order of assessment. Section 3 of Article X of the constitution of Minnesota provides: "Each stockholder in any corporation, excepting those organized for the purpose of carrying on any kind of manufacturing or mechanical business, shall be liable to the amount of stock held or owned by him." It is the contention of the defendant that, when the company was licensed by the Securities Commission of Minnesota to sell fully paid and non-assessable stock, the commission, in making such decision, necessarily found that the company came within the excepted class of corporations, under the above constitutional provision, and that such finding is an adjudication which precludes the maintenance of this action.

■ We are not unmindful that, as stated in Freeman on Judgments, section 633, "Whenever any board, tribunal or person is by law vested with authority to judicially determine a question, such a determination, when it has become final, is as conclusive as though the adjudiciation had been made by a court of general jurisdiction." There can be no doubt that, under the statutes of Minnesota, the Securities Commission was vested with power to determine the kind and character of stock to be sold, but the vital question involved herein is whether it had jurisdiction to determine the liability of stockholders to the creditors of a corporation. In other words, did the granting of a license to sell fully paid and non-assessable stock determine the rights of creditors? We think not. The legal effect of such license was to permit the corporation to enter into a contract with its stockholders that it would make no assessments against them. It is said in Fletcher Encyclopedia Corporations § 4279 that "A corporation

may agree with its stockholders that their stock shall be non-assessable, and such an agreement may be enforced by the stockholders against the corporation where the rights of creditors are not directly involved." If this were an action between the corporation and the defendant stockholder to recover upon an assessment, it would be a complete defense to show that the stock issued was fully paid and non-assessable, but such agreement cannot affect the rights of creditors: *Lum v. American Wheel & Vehicle Co., et al,* 165 Cal. 657, (133 P. 303, Ann. Cas. 1915A, 816); *Wall v. Basin Mining Co.,* 16 Idaho 313 (101 P. 733, 22 L. R. A. (N. S.) 1013); *Scovill v. Thayer,* 105 U. S. 143 (26 L. Ed. 968).

The purpose of the constitutional provision dealing with the liability of stockholders was the protection of creditors. We are unable to agree that the mere granting of license to sell fully paid and non-assessable stock amounted to an adjudication that the defendant company came within the excepted class. This is a question which is reserved for the determination of the courts.

Some mention is made of the alleged failure to obtain service on the defendant in the proceedings wherein the assessment was ordered, but, in the light of *Marin v. Augedahl,* 247 U. S. 142 (62 L. Ed. 1038, 38 S. Ct. 452), there can be no question as to the jurisdiction of the district court of Hennepin county over the corporation of which defendant was a member. In that proceeding— which was in rem—no personal judgment was rendered against any stockholder. In this special statutory proceeding, the only matters adjudicated were the amount, propriety and necessity of the assessment. In the action by the receiver to recover upon the assessment, there was still open to the stockholder the defense of payment, statute of limitations, lack of ownership, or any other defense, as said in *Marin v. Augedahl,* supra, "personal to himself."

■ In the light of *Marin v. Augedahl,* supra—which we think is decisive of every question involved herein—it was incumbent upon the lower court, under the full faith and credit clause of the constitution, to give full force and effect to the decree of the Minnesota court holding that the corporation did not come within the excepted class and, therefore, its stockholders are subject to double liability.

It follows that the judgment of the trial court is reversed and one is here entered in favor of the plaintiff for the amount of the assessment as demanded in the complaint, together with interest thereon.

BEAN, C. J., BROWN and ROSSMAN, JJ., concur.

---

Petition for rehearing denied September 14, 1932.

## ON PETITION FOR REHEARING
### (14 P. (2d) 280)

■ BELT, J. It is urged that all creditors subsequent to the issuance of the fully paid and nonassessable stock as authorized by the Securities Commission of the state of South Dakota are bound to take notice of such order and, therefore, it can not be said that such creditors extended any credit to the corporation on the faith of the stockholder's liability for further assessments. It seems to the writer that counsel for defendant fails to give effect to the adjudication of the Minnesota court that the Federal Crushed Stone Company was liable for double assessment under the constitutional provision of that state. That the company was permitted to issue the stock as fully paid and nonassessable was necessarily involved in the Minnesota court adjudication. The constitutional provi-

sion concerning double liability was for the protection of creditors. If the State Securities Commission could, by its order, take away such protection to creditors, the fundamental law of Minnesota would thus be abrogated. The full faith and credit clause of the Federal constitution demands that effect be given to the adjudication of our sister state. Careful consideration has been given to this case and we believe the opinion on original hearing is correct.

The petition for rehearing will be denied.

BEAN, C. J., BROWN and ROSSMAN, JJ., concur.