IN RE DISSOLUTION OF OLIVIA CREAMERY & PRODUCE
ASSOCIATION.
EDWARD LINDQUIST, APPELLANT.[1]

January 20, 1933.

No. 29,276.

*Edward Lindquist,* pro se.
*Robert Beach Henton,* for respondent.

LORING, JUSTICE.

In proceedings for the dissolution of the Olivia Creamery &
Produce Association, a corporation, the receiver petitioned for an
assessment against the stockholders on their constitutional liabil-
ity. The appellant appeared as a stockholder and demurred to the
petition on the ground that the same did not state a cause of action
and that the corporation was an exclusively manufacturing corpora-
tion and its stockholders exempt from the constitutional liability
under art. 10, § 3, of the constitution prior to its recent amendment.

[1]Reported in 246 N. W. 480.

The sole question raised by the appellant in this court is whether or not the articles of incorporation of the association create an exclusively manufacturing corporation. The petition alleges that the nature of the corporation's business "shall be buying, selling, manufacturing and dealing in milk, cream, ice cream, cheese and butter, and handling, managing, owning, operating, and controlling a creamery or creameries in the usual course of such business, and to do and perform all acts and things usual, requisite, and necessary on the premises."

In Meen v. Pioneer Pasteurizing Co. 90 Minn. 501, 502, 97 N. W. 140, 141, this court said:

"The true test in cases of this kind, in determining the nature and character of a corporation, is—applying it to the facts of the case at bar—if the corporation had engaged exclusively in buying and selling milk, cream, butter, and cheese, whether the milk and cream were pasteurized or the butter and cheese manufactured by it or not, could proceedings have been maintained to forfeit its charter on the ground that it was doing a business not authorized or warranted by its articles of association?"

The learned trial court was of the opinion that measured by this test the corporation in question was not an exclusively manufacturing corporation and overruled the demurrer. We are in accord with the views of the trial court. Obviously the corporation could engage in the buying and selling of milk and other dairy products mentioned in the articles without ever entering into the manufacture of any such product. The language of the articles does not limit the buying, selling, and dealing in dairy products to those manufactured by it. Kremer v. Tellin, 154 Minn. 267, 191 N. W. 735; Graff v. Minnesota F. R. Co. 147 Minn. 58, 179 N. W. 562; Nortmann-Duffke Co. v. Federal C. S. Co. 167 Minn. 333, 209 N. W. 17. See also Sibley County Bank v. Crescent Mill. Co. 172 Minn. 394, 215 N. W. 521.

The order overruling the demurrer is affirmed.

OLSEN, JUSTICE, took no part.